**DEL RIO DISTRIBUTING, INC.,**
**Plaintiff-Appellant,**

v.

**ADOLPH COORS COMPANY,**
**Defendant-Appellee.**

No. 77–2811.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1979.

James R. Warncke, San Antonio, Tex., for plaintiff-appellant.

Leo N. Bradley, Golden, Colo., Rodney Satterwhite, Midland, Tex., for defendant-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEWIN, Circuit Judge:

Del Rio appeals from the jury's finding that Coors had not violated the Sherman Act. Appellant raises several issues for review. First, the refusal of the trial court to enlarge the pretrial order by adding a count based on alleged state antitrust violations. Second, the court's refusal to grant a new trial because of a change in the applicable law during trial or because the verdict was against the weight of the evidence. Third, appellant contends that the doctrine of collateral estoppel should apply to the issue of liability. Finally, appellant cites the court's refusal to give certain special instructions that it had requested. After carefully viewing the voluminous record, we find no merit in the issues raised. The decision is affirmed.

In 1972, appellant Del Rio initiated a suit against the Adolph Coors Company alleging violations of the Sherman Act and Texas antitrust laws. The alleged violations were the fixing of wholesale and retail prices and the limiting of territories where Coors beer could be resold. Del Rio had begun operation as a distributor of appellee's beer in Del Rio, Texas in December, 1966 and continued until Coors terminated the distribu-

torship and it went out of business on December 1, 1971. Appellant sought damages for lost profits that it alleged would have been gained by the freedom to sell the beer without territorial and price restrictions and for loss of value of a going concern or goodwill by reason of being terminated by appellee to ensure enforcement of those restrictions.

On October 7, 1975, a Pre-Trial Conference was held, and shortly thereafter a Pre-Trial Order was submitted indicating that Del Rio was abandoning its claims under the Texas antitrust laws. The claim was expressly abandoned in the final Amended Pre-Trial Order in 1977.

The trial was commenced on June 20, 1977 with appellant presenting its case under the territorial per se *Schwinn* Rule.[1] On June 23 Del Rio rested its case. That same day the Supreme Court handed down *Continental T. V. Inc. v. GTE Sylvania Inc.,* 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977), overruling the *Schwinn* per se rule and reinstating the "rule of reason." Thereafter, appellant moved to amend the Pre-Trial Order in an effort to reinstate its claim under the Texas antitrust laws.[2] The court denied this motion. The jury returned the verdict for appellee Coors and appellant filed motions for Judgment N.O.V. or alternatively for a new trial. Del Rio appealed from the denial of those motions.

■ Appellant contends that the court erred in refusing to allow the pretrial order to be enlarged to add a count based on Texas antitrust violations. This court has previously recognized that the trial judge is vested with broad discretion in determining whether or not a pre-trial order should be modified or amended. In *Sherman v. United States,* 462 F.2d 577, 579 (5th Cir. 1972) the court stated:

> The trial judge is vested with broad discretion to preserve the integrity and purpose of a pre-trial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice.

This position is consistent with the relevant language in Rule 16 of the Federal Rules of Civil Procedure.

Del Rio does not dispute that it clearly waived any claim that it might have had under Texas antitrust laws. The facts necessary to support Del Rio's claim under the Texas antitrust laws could have been discovered prior to the Pre-Trial Conference. However, appellant chose to abandon its claim under Texas antitrust laws and has failed to establish that the trial court abused its discretion. *Bettes v. Stonewall Insurance Co.,* 480 F.2d 92 (5th Cir. 1973).

■ As a corollary to appellant's contention that the court should have enlarged the pre-trial order, appellant also contends that the court erred in refusing to grant a new trial. Again Del Rio's argument is based on its reliance that the decision would be rendered under the *Schwinn* per se doctrine and in line with *Copper Liquor, Inc. v. Adolph Coors Co.,* 506 F.2d 934 (5th Cir. 1975).

Under Rule 59(a) of the Federal Rules of Civil Procedure a new trial may be granted where the action has been tried by a jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."

The only authority the appellant cites for its position is *Hampton v. Graff Vending Co.,* 516 F.2d 100 (5th Cir. 1975) where this circuit remanded that case because of a change in the law of this circuit between the first and second appeals. In contrast, the change in the law in the instant case occurred during the trial because of a decision of the Supreme Court. Although, on its face, a remand might appear more compelling, there are several factors that distinguish the case at bar from *Hampton.*

---

1. *United States v. Arnold, Schwinn & Co.,* 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967).

2. During oral argument, in response to a question by the court, counsel for appellant stated that he did not move to reopen his case after *Sylvania* was decided because he did not have sufficient time to prepare a rule of reason case. Appellant also did not move for a continuance.

First, appellant made a voluntary waiver of any claim it might have had based on any alleged state antitrust violations. This waiver occurred after the Supreme Court had granted certiorari in the *Sylvania* case. Thus, the argument of surprise carries less weight. Finally, appellant has failed to establish that any manifest injustice occurred because of the continuation of the trial.[3]

Del Rio contends that adverse judgments entered against Coors in *Adolph Coors Co. v. Federal Trade Commission*, 497 F.2d 1178 (10th Cir. 1974), and *Copper Liquor, Inc. v. Adolph Coors Co.*, 506 F.2d 934 (5th Cir. 1975) serve as collateral estoppel on the issue of liability.[4] We disagree and find several bases for distinguishing those cases. One of the most obvious distinctions of *Copper Liquor* is that it was decided under the per se rule of *Schwinn* that has now been replaced by the rule of reason under *Sylvania*.

The F.T.C. case, decided in another circuit, was based on an appeal of an F.T.C. cease and desist order brought under § 5 of the Federal Trade Commission Act. The Federal Trade Commission had overturned the decision of an administrative law judge who had found no violation of the act. In reaching its decision on vertically imposed territorial restrictions, the Tenth Circuit was compelled to rely on law in effect at that time; the *Schwinn* per se rule.

In light of the reliance on *Schwinn* in both *Copper Liquor* and the F.T.C. case we hold that the doctrine of collateral estoppel has no application in the instant case.

Del Rio further argues that the verdict was against the weight of the evidence. However, a perusal of the records reveals that there was ample evidence from which the jury could have reasonably concluded that Coors' territorial restrictions were reasonable and that Coors did not engage in retail and wholesale price fixing.

Several witnesses testified that territories were essential to maintaining quality control and service in the retail market. There was a good deal of testimony concerning Coors' unique brewing process and the necessity for refrigeration and regular stock rotation to ensure quality and flavor maintenance. Also, one of the expert witnesses testified that by assigning exclusive distributorships, there was a long-term effect of making each distributorship stronger, better able to compete with other brands and provide better service. While appellee concedes that the evidence related to price fixing is sharply divided, there was testimony upon which the jury could have concluded that Coors was not guilty of price fixing.

The final allegation of Del Rio relates to the court's refusal to give to the jury certain special instructions requested by appellant and the use of two general verdict forms and four interrogatories to be answered in the event a verdict was returned for Del Rio. A careful scrutiny of the entire jury charge establishes that the jury was properly advised on the applicable law. The use of interrogatories in conjunction with general verdict forms is consistent with Rule 49(b) of the Federal Rules of Civil Procedure. Thus, we find no merit in Del Rio's allegations of error.

Having carefully considered each of the issues raised on appeal and finding no merit in them, the judgment is AFFIRMED.

---

**3.** In commenting on Rule 59, Wright and Miller has observed:

> Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice. . . . Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court, and appellate review of its ruling is quite limited.

11 Wright & Miller, Federal Practice & Procedure § 2803, at 31–33 (3d ed. 1973).

**4.** We also find that the trial judge did not err in refusing to take judicial notice of *Adolph Coors Co. v. Federal Trade Commission*, 497 F.2d 1178 (10th Cir. 1974) or in refusing to enter into evidence the F.T.C. Complaint and the F.T.C. Cease and Desist Order. Trial Record Vol. IV, pp. 235–37.