**Horace FLANNERY, et al.,**
**Plaintiffs-Appellants,**

v.

**Art CARROLL, d/b/a Hemisphere**
**Petroleum and Ben Schultz,**
**Defendants-Appellees.**

**No. 81–1124.**

United States Court of Appeals,
Fifth Circuit.

May 17, 1982.

Strother, Davis & Hill, Roger J. Allen, Gerald R. Velarde, Dallas, Tex., for plaintiffs-appellants.

John E. Collins, Bonnie Wulff, Irving, Tex., for defendants-appellees.

Before DYER *, SAM D. JOHNSON, and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This action arises out of the defendant's sale to plaintiffs of a fractional undivided working interest in an oil and gas lease. Plaintiffs alleged that defendant made untrue statements or omitted material facts concerning the interest to induce them to make the purchase in violation of the Securities Act of 1933, 15 U.S.C. § 77$l$(2); the Texas Securities Act, Tex.Rev.Civ.Stat.Ann. art. 581–33; and Ohio securities laws, Ohio Rev.Code Ann. §§ 1707.41 and 1707.43. Plaintiffs also alleged claims of common

* Circuit Judge of the Eleventh Circuit, sitting by designation.

law negligence. Defendant denied its liability and raised various counterclaims.[1]

Plaintiffs submitted a pre-trial order which was adopted by the court. The order stated that jurisdiction was based upon § 12(2) of the Securities Act of 1933 but it did not mention the jurisdictional basis of the state law claims. Plaintiffs' contested issues of fact concerned whether defendant misrepresented or omitted material facts and whether defendant had breached a fiduciary duty owed plaintiffs. They presented as contested issues of law whether certain statutory prerequisites were met so that the claims would be within the federal Securities Act and whether the court lacked jurisdiction over the state law claims. In their Summary of Claims, plaintiffs stated that the action was brought under 15 U.S.C. § 77*l*(2); they cited neither the Texas nor the Ohio Act as additional or alternative grounds for suit. The Summary of Defendant's Claims included lack of jurisdiction over the state law claims and unconstitutional application of the Texas Securities Act. This was the only reference to the Texas Securities Act in the order. The issue of the federal act's one year statute of limitations was also raised, but Texas' three year period was not. Bound by this order, the parties proceeded to trial before a jury.

Before submitting the case to the jury, the court conferred with counsel concerning the instructions and special interrogatories to be submitted to the jury and asked plaintiffs' counsel which theory he would prefer to rely upon in going to the jury since he had pleaded the negligence count in the alternative. Counsel stated that the case should be submitted under § 12(2) of the Securities Act of 1933. Again, as in the pre-trial order, plaintiffs' counsel did not raise the Texas Securities Act. The court then stated that it would frame the charge in terms of § 12(2) of the federal act since that was the only claim going to the jury. Plaintiffs' counsel agreed to this. His only objection to the court's proposed charge

concerned the wording of the special interrogatory relating to the statute of limitations. He agreed that the time period was "obviously" one year as provided in the federal act but asked the judge to rephrase the question more clearly. Once this was accomplished, plaintiffs' counsel was satisfied with the charge. He did not seek to include interrogatories relating to the Texas act even though that act had a three year limitations period.

To establish a violation of the federal Securities Act, plaintiffs had to prove that the defendant, through the use of an instrumentality of interstate commerce, sold or offered to sell a security by means of a prospectus or oral communication. Further, the communication had to include an untrue statement or omission of material fact of which the plaintiffs had no knowledge, and the defendant did have knowledge or could have had knowledge. 15 U.S.C. 77*l*(2).

The jury was given four special interrogatories to answer. They found (1) that the defendant used an instrumentality of interstate commerce in selling the interest; (2) that the defendant made an untrue statement or omitted a material fact to plaintiffs and that the plaintiffs did not know of the untruth or omission; (3) that the defendant did know or could have known of the untruth or omission; and (4) that plaintiffs did discover or should have discovered the untruth or omission more than one year prior to the date they filed suit. Thus, although the jury answered all the substantive elements of the federal act favorably to plaintiffs, they also found that the act's one year statute of limitations had run.

Realizing that the federal claim was lost, plaintiffs filed a Motion for Judgment on the Verdict arguing that because all the substantive elements of the federal and Texas acts are the same[2] and because the statute of limitations had not run on the

---

1. The plaintiffs secured a directed verdict in their favor on the counterclaims and defendant has not appealed that judgment.

2. We deal with the merits of this argument *infra*.

Texas claim as a matter of law,[3] the jury's answers entitled them to judgment under the Texas act. The court denied the motion because the elements of the two acts are not the same, the pre-trial order precluded consideration of the Texas act, and plaintiffs failed to request a jury instruction on the Texas act or object to the court's failure to submit such an instruction.

In this appeal plaintiffs contend the court erred in denying their Motion for Judgment on the Verdict and that Fed.R.Civ.P. 54(c) compels a judgment in their favor. We hold that the district court was correct in denying plaintiffs' motion and in entering judgment for the defendant.

This case contains several procedural twists which must be unravelled to resolve the appeal. We begin with the filing of plaintiffs' Complaint and trace the procedural development of the case as it occurred, step by step, to determine whether plaintiffs were entitled to a favorable judgment on their claims arising under the Texas Securities Act.

Plaintiffs' original complaint, dated March 28, 1978, clearly alleged a violation of the Texas act and prayed for relief thereunder. Defendant responded by alleging that the court did not have jurisdiction over the claim, that venue was improper, that the statute was inapplicable, and that if applied to this transaction the statute would be unconstitutional. At this point in the proceeding, then, the Texas claim was very much alive.

■ Following discovery, plaintiffs' counsel prepared the pre-trial order described above. Defendants' counsel was unable to participate in the preparation of the order, so plaintiffs submitted their order on behalf of both parties. The order stated, in two separate places, that the suit was brought under the federal act. The only specific reference to the Texas act concerned defendant's contention that it would be unconstitutional if applied in this case. Lack of jurisdiction over the state law claims was also mentioned, but this could have referred to one or all of the Texas, Ohio, and common law negligence claims. When the district court construed the pre-trial order in connection with plaintiffs' Motion for Judgment on the Verdict, it concluded that the Texas claim was not preserved in the order and was therefore waived by plaintiffs. Plaintiffs contend that the claim survived the pre-trial order and that the court erred in ruling that it did not. We find the court was correct in concluding that the Texas claim was omitted from the order and that it was therefore waived.

The pre-trial order is an indispensable mechanism in the district court. Its purpose is to determine which of the claims pleaded will actually be tried. The claims, issues, and evidence are limited by the order and the course of the trial is thereby narrowed to expedite the proceeding. *See Hodges v. United States*, 597 F.2d 1014, 1017–18 (5th Cir. 1979). Once the order is entered, it controls the scope and course of the trial, Fed.R.Civ.P. 16. If a claim or issue is omitted from the order, it is waived. *Ramada Development Co. v. Rauch*, 644 F.2d 1097 (5th Cir. 1981); *Hodges*, 597 F.2d at 1017; *Del Rio Distributing, Inc. v. Adolf Coors Co.*, 589 F.2d 176, 178 (5th Cir. 1979), *cert. denied*, 444 U.S. 840, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979); *Pacific Indemnity Co. v. Broward County*, 465 F.2d 99, 103 (5th Cir. 1972); 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1522 (1971).

■ Because of the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders. *Allen v. United States Steel Corp.*, 665 F.2d 689 (5th Cir. 1982); *Hodges*, 597 F.2d at 1018. District courts are encouraged to construe pre-trial orders narrowly without fear of reversal. *Hodges*, 597 F.2d at 1014.[4]

---

**3.** Plaintiffs claim that the limitations period could not have run because plaintiffs and defendant did not even know each other that long ago. Defendant does not deny this.

**4.** *Hodges* involved a suit between the I.R.S. and two taxpayers. One of the issues listed in the pre-trial order was whether the taxpayers could recover the amount asked in the suit on

Unless the court has abused its discretion, its rulings concerning the order will not be disturbed on appeal. *Allen*, 665 F.2d at 696; *Hodges*, 597 F.2d at 1017; *Del Rio Distributing*, 589 F.2d at 178. The court below construed the pre-trial order narrowly and concluded that the Texas claim was not contained therein despite the slight reference to it. Because we cannot say that the court abused its discretion in construing the order as it did, we uphold the conclusion that the Texas claim was omitted.

Although plaintiffs could have specifically included the Texas act in the pre-trial order, as they did include the federal act, they did not do so. The order included only one slight reference to the Texas act but contained repeated citations to and reliance upon the federal act. Plaintiffs omitted to mention the Texas act's three year statute of limitations which was clearly more favorable to them than the federal act's one year period. The absence of reference to this issue suggests that the Texas act was purposefully not mentioned in the order.

The circumstances of the preparation of the order also give rise to the same inference of purposeful exclusion of the Texas claim. Usually pre-trial orders are the product of an adversarial contest with each party trying to limit the claims proposed by the other. Here, however, only plaintiffs' counsel was active in the preparation of the order. Had he wanted to include the Texas act along with the federal act, he would seemingly have met with no opposition. Thus, the absence of the Texas claim appears to be attributable to counsel's affirmative tactic. For this reason, too, we are less inclined to read the order as plaintiffs suggest.

The exchange between the court and counsel in the charge conferences gives further support to the court's narrow interpretation of the order. When the court asked plaintiffs' counsel which theory he wanted to submit to the jury, counsel replied that he was relying upon the federal statute. There was ample opportunity for him to request a charge including the Texas claim, yet he remained silent. When discussing the statute of limitations issue, plaintiff's counsel again by-passed a chance to include the Texas claim with its three year period; instead, his comments indicated his assumption that the federal act's one year statute applied. While the course of the charge conference is not dispositive of the contents of the pre-trial order which was entered earlier, it supports the court's reading of the order. When construing the order subsequently, the court could not overlook the fact that everyone—including plaintiffs' counsel—thought that the Texas claim had been dropped and all had acted accordingly. The court was eminently correct in construing the order to exclude the Texas claim. And because the claim was omitted from the pre-trial order, it was waived. *Ramada*, 644 F.2d at 1110–1111; *Hodges*, 597 F.2d at 1017; *Del Rio Distributing*, 598 F.2d at 178; *Pacific Indemnity*, 465 F.2d at 103. Our inquiry does not end here, however, because Fed.R.Civ.P. 16 provides that the pre-trial order may be amended if necessary to prevent manifest injustice.

Plaintiffs did not petition the district court to amend the pre-trial order. The only motion they made throughout the trial relating to the Texas claim was a post-verdict motion requesting the court to grant judgment in their favor under the Texas act based upon the jury's answers to the special interrogatories.[5] This motion did

the ground that they had had no legal duty to pay the sums in question. The I.R.S. contended that the statement of this issue encompassed its defense that the taxpayers owed the amount paid. The court construed the order as excluding the proffered defense, and we upheld its decision for the reasons stated above.

**5.** The substantive elements of the federal and Texas statutes are similar. Under the federal act, the plaintiff has the burden of proving that

the defendant misrepresented or omitted material facts which induced plaintiff to purchase a security *and* that plaintiff did not know of the misrepresentation or omission. The Texas act allocates burdens of proof differently, however. As with the federal act, the plaintiff has the burden of proving that the defendant misrepresented or omitted a material fact. However, the defendant bears the burden of proving, as an affirmative defense, that the plaintiff knew or should have known of the omission or mis-

not request an amendment to the pre-trial order. To give plaintiffs full consideration, however, we shall assume this motion implied a request to amend the pre-trial order, and we shall review the court's denial upon such assumption.

■ A pre-trial order should be amended only when necessary to prevent manifest injustice. Fed.R.Civ.P. 16. A reading of the court's Memorandum Order denying plaintiffs post-verdict relief shows that it would have been manifestly unjust to the defendant to allow an amendment to the pre-trial order. The defendant would have been seriously prejudiced by a change in the whole theory of the case after the jury verdict.

Because the pre-trial order omitted the Texas claim, defendant had the right to believe the claim was waived unless and until plaintiffs sought to amend the order. Throughout the trial, plaintiffs never mentioned the Texas claim; in fact, they bypassed opportunities to do so at every stage of the proceeding. The defendant tried its case solely as a defense to the federal claim. It did not litigate its defenses to the Texas claim, although several were pleaded, because the pre-trial order and plaintiffs' conduct of the trial indicated that the claim had been waived. To permit plaintiffs to switch causes of action after the trial had ended would mean that defendant would be facing the possibility of being held liable under a claim it had no opportunity to evaluate and defend against.

In its pleadings, the defendant challenged the applicability and constitutionality of the Texas act, the jurisdictional basis of the claim, and the appropriateness of the venue. These are legal questions which could have been resolved by the court after the trial without prejudice to either party. In addition to these legal defenses, however, defendant also challenged the factual basis of the Texas claim, including whether plaintiffs had knowledge of the untruths or omissions. Under the federal act, the plaintiffs had the burden of proving their lack of knowledge; under the Texas act, the defendant had to prove, as an affirmative defense, that plaintiffs had the knowledge. Because defendant believed that only the federal claim was in issue, it did not attempt to prove that plaintiffs knew of the untruths or omissions. We simply cannot know how the trial would have proceeded had the Texas claim been included and we cannot presume that its inclusion would have made no difference in the way defendant tried its case. *Seymour v. Coughlin Co.*, 609 F.2d 346 (9th Cir. 1979), *cert. denied*, 446 U.S. 957, 100 S.Ct. 2929, 64 L.Ed.2d 815 (1980) (when issue was raised for the first time after the trial ended, court refused to allow addition of issue if there was a chance that the opposing party might have tried its case differently). Thus, the pre-trial order should not have been amended to include the Texas claim after the trial ended.

■ Plaintiffs also urge upon the Court cases decided under Fed.R.Civ.P. 15(b) for the proposition that even though the Texas claim was omitted from the pre-trial order, they are still entitled to judgment on that claim. *See, e.g., Mains v. United States*, 508 F.2d 1251 (6th Cir. 1975), *cert. denied*, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978). Rule 15(b) permits a party to amend its complaint to include a claim which was actually tried although not pleaded. The purpose of the rule is to allow the course of the trial, rather than the formal pleadings, to control the outcome. To follow this reasoning, we must disregard the plaintiffs' pleadings and base our judgment upon the trial. But this is no aid to plaintiffs. Plaintiffs tried the case solely on the federal statute. Thus, if Rule 15(b) is at all applicable to this case, it defeats rather than supports plaintiffs' position.

■ Finally, plaintiffs argue that they were entitled to judgment under Fed.R. Civ.P. 54(c). That rule states that "every

representation. Here, plaintiffs contend that they were entitled to judgment under the Texas act because the jury found that the defendant knowingly misrepresented or omitted a materi-

al fact, and that plaintiffs did not and could not have known about it, thus satisfying the elements of both acts.

final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The rule is inapplicable to the case before us. In order for the rule to apply, there must have been a judgment in favor of the party requesting Rule 54(c) relief. Here, the judgment was entered in favor of defendant, not plaintiffs. The rule directs the court to order appropriate *relief*; it does not permit the court to impose liability where none has been established. 6 *Moore's Federal Practice*, §§ 54.60–.62 (1981). Furthermore, a court cannot provide relief, even when it is demanded, if the plaintiff fails to assert a claim upon which the relief could be based. 10 Wright & Miller, *supra* at § 2664. Since plaintiffs failed to preserve their Texas claim, they are not entitled to judgment on that claim under Rule 54(c).

CONCLUSION

Plaintiffs waived their claim under the Texas Securities Act by failing to include it in the pre-trial order. While the order could have been amended to include the claim, plaintiffs did not request an amendment. Plaintiffs tried the case with no reference to nor reliance upon the Texas statute. Even if we consider plaintiffs' post-verdict motion as a request to amend the pre-trial order, the motion was properly denied because it would have been unduly prejudicial to defendant, after the trial ended, to permit the entire theory of the case to be changed to plaintiffs' previously waived claim. Finally, Fed.R.Civ.P. 54(c) is irrelevant to plaintiffs' claim for relief. The judgment below is

AFFIRMED.