**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 98-20958**

---

**ROOSEVELT COLLINS,**

**Plaintiff-Appellee,**

**v.**

**SMITH INTERNATIONAL INC., ET AL,**

**Defendants,**

**SMITH INTERNATIONAL INC., doing business as
Delaware Holding Smith International, Inc.,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1515)**

---

October 29, 1999

Before JONES and DENNIS, Circuit Judges, and PRADO[*], District Judge.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs, oral arguments of counsel, and pertinent portions of the record. We find no error in any of the trial court rulings appealed by Smith.

---

[*] District Judge of the Western District of Texas, sitting by designation.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In particular, the court did not err in finding that Collins had filed his application for long-term disability benefits in a timely manner, particularly in light of the "reasonably possible" language of the plan. Additionally, the district court carefully reviewed the evidence concerning Smith's claim-handlers' understanding of when Mr. Collins could have filed his claim, as well as Mr. Glass's behavior, and had ample evidence to justify a finding that Mr. Collins filed his application as soon as reasonably possible.

Nor did the court abuse its discretion in holding that the pre-trial order precluded Smith from arguing that Collins was not a participant or beneficiary under the Plan. District courts are encouraged to construe their pre-trial orders without fear of reversal, and appellate courts are hesitant to interfere with the trial court's discretion in this area. See Flannery v. Carroll, 676 F.2d 126, 129 (5th Cir. 1982). The district court reached its decision after it had considered the need to avoid undue surprise and to sharpen the trial controversy, and this Court is not in a position to disturb the trial court's choice.

As for whether the case should be remanded to the plan administrator, we carefully considered the arguments pertaining to both Schadler v. Anthem Life Ins. Co., 147 F.3d 388 (5th Cir. 1998), and Vega v. Nat'l Life Ins. Servs., Inc., 1999 WL 680319 (5th Cir. 1999), and being mindful of the specific situation in this case, we find that the trial court was correct in not remanding the case to the plan administrator. Smith did not

seasonably raise its <u>Vega</u> arguments; rather, it attempted to try the coverage issue at trial.  In addition, Smith had sufficient opportunity in which to examine the application administratively -- sixteen months, in fact.  Therefore, this Court declines to remand the case to the plan administrator for further consideration of the merits of the application.

For these reasons, the judgment of the district court is **AFFIRMED.**