United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

No. 03-10063
Summary Calendar

_____

BEAGLES AND ELLIOTT ENTERPRISES, LLC,

Plaintiff-Appellee,

VERSUS

FLORIDA AIRCRAFT EXCHANGE, INC., ET AL.,

Defendant,

THOMAS DAVID KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 4:01-CV-368-A

_____

Before HIGGINBOTHAM, SMITH, and
CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant Thomas King appeals the denial of his FED. R. CIV. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. Finding

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no error, we affirm.

## I.

Plaintiff Beagles and Elliott Enterprises, LLC ("Beagles"), a Texas-based company, contracted with Florida Aircraft Exchange, Inc. ("FAE"), for the purchase and modification of a Beechcraft Duke Aircraft. FAE officers King and John Rourke signed the contract. After FAE allegedly breached the agreement, Beagles sued FAE and King, premising liability against the latter on an alter ego theory. Separately, Beagles alleged that King was liable based on an oral promise to guarantee performance, made after FAE had breached the original contract.

FAE and King filed a rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. In finding jurisdiction over FAE, the district court relied on the company's contractual agreement to deliver the aircraft to Texas and on a forum selection clause naming Tarrant County, Texas, as the site of litigation. As to King, the court found that Beagles had established a *prima facie* case of alter ego liability. Later, in the pretrial order, FAE and King stipulated that "there are presently no pending jurisdictional issues."

At trial, the district court found FAE and King jointly and severally liable. Without discussing whether FAE's corporate veil should be pierced, the court determined that King had "agreed to be personally responsible for seeing that the performance was completed." This finding was made as a result of King's oral promise personally to guarantee the contract if Beagles allowed the airplane to be transported from Florida to a new hangar in Mississippi,

before delivery to Texas.[1] On appeal, King contends that Beagles never proved jurisdiction by a preponderance of the evidence. *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 326 (5th Cir. 1996).

## II.

We review *de novo* a district court's exercise of personal jurisdiction over a non-resident defendant. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). Where, as here, the court denies the motion to dismiss without holding an evidentiary hearing, the plaintiff must make only a *prima facie* showing of the facts on which jurisdiction is predicated. *Id.* The district court should accept as true the plaintiff's "uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documen-

---

[1] Because King made this oral promise for his own benefit, the court determined that the Statute of Frauds did not bar its admission. *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1338 (11th Cir. 1998) ("Under the statute of frauds, where the main purpose of the guarantor is to obtain some benefit or serve some interest of its own rather than to gain some advantage for the beneficiary, that promise is considered 'direct,' and remains beyond the reach of the statute."). Insofar as King argues that the Statute of Frauds bars the oral promise because it was made after FAE's breach, King does not controvert the court's finding that King sought to "prevent a confrontation between plaintiff and FAE at a crucial point in King's maneuvers to liquidate FAE for his personal gain." In other words, King's oral promise was made for self-interested reasons, despite FAE's pre-existing breach. *Cf. id.* at 1337 n.30 ("The likelihood that someone would assume liability for an obligation that was already in default is too minute to permit such a promise to be enforced absent a writing to prove its existence.").

2

tation." *Id.* If a *prima facie* showing is used to establish personal jurisdiction, the plaintiff must nevertheless establish personal jurisdiction at trial by a preponderance of evidence. *Felch*, 92 F.3d at 326; *DeMeloe v. Touche Marine, Inc.*, 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

Generally, personal jurisdiction over a corporate officer such as King cannot be predicated on jurisdiction over the corporation. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Jurisdiction may be asserted, however, where the corporation is the alter ego of the officer. *Id.* This determination is made by examining the "totality of the circumstances," *Century Hotels v. United States*, 952 F.2d 107, 110 (5th Cir. 1992), looking to such factors as the degree of control and dominion exercised by the officer, the commingling of funds, whether corporate formalities were observed, whether the corporation was adequately capitalized, and the whether the corporation transacts the officers' personal business. *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691 (5th Cir. 1985).

Importantly, King does not take issue with the preliminary finding of alter ego liability.[2]

Rather, he contends that at trial, Beagles failed to prove personal jurisdiction. Instead of relying on an alter ego theory of liability, the court found that King personally assumed the contract in a separate oral promise. In sum, the district court saw no need to decide whether FAE's corporate veil should be pierced.

King's argument is tarnished by his pretrial order stipulation that "[t]here are presently no pending jurisdictional issues." Though King pled lack of personal jurisdiction in his answer, FED. R. CIV. P. 8(c), his abandonment of this defense in the pretrial order is tantamount to a concession of personal jurisdiction. *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil*, 804 F.2d 773, 778-79 (1st Cir. 1986). "Once the [pretrial] order is entered, it controls the scope and course of the trial. FED. R. CIV. P. 16. If a claim or issue is omitted from the order, it is waived."[3] Given King's waiver, Beagles was not required to prove personal jurisdiction at trial.

AFFIRMED.

---

[2] In finding the establishment of a *prima facie* case of alter ego liability, the court relied on uncontroverted evidence that "(a) King and Rourke organized FAE; (b) King used FAE funds for personal purposes; (c) King commingled personal funds with those of FAE; (d) King disregarded corporate formalities; (e) King had used FAE funds to pay personal obligations; and (f) King's withdrawals of assets from FAE resulted in its being unable to meet its obligations." The fact that this evidence was uncontroverted, coupled with King's failure to request an evidentiary hearing, compels the conclusion that the court did not err by deciding personal jurisdiction without an

evidentiary hearing or reserving the issue for the merits.

[3] *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir. 1992) (quoting *Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982)).

3