**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 9, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-11357

CALEB ELLIOTT,

Plaintiff–Appellant,

versus

DUSTIN DEAN DUSTY HARRIS, Individually;
OWS, INC., doing business as OLD WEST STABLES,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Plaintiff–appellant Caleb Elliott (Elliott) appeals from the district court's final judgment entered on September 16, 2005, that Elliott take nothing from defendants–appellants Dusty Harris (Harris) and OWS, Inc., doing business as Old West Stables (OWS). We affirm.

**FACTS AND PROCEEDINGS BELOW**

---

[1] Per 5th Cir. R. 47.5, the court has decided that this opinion should not be published and is not precedent except under those limited circumstances set forth by 5th Cir. R. 47.5.4.

Appellant Elliott is the 15-year-old son of Dale and Ann Elliott and is blind. The week of June 14, 2004, Ann Elliott called OWS, a park riding concessionaire at Palo Duro Canyon State Park, to reserve horses for renting on June 26, 2004. She explained to the person taking the reservation that her son Elliott was blind and that a lead rope would be needed for him to ride.

On June 26, 2004, the Elliott family arrived at OWS stables and paid for the family's horse ride. Dale Elliott mentioned to Harris, an officer and part owner of OWS, that Elliott would need a lead rope. Harris refused the request and refunded the payment.

Elliott filed suit against Harris on September 29, 2004, under Title III of the Americans with Disabilities Act (ADA) and Texas Human Resources Code Chapter 121, as well as for intentional infliction of emotional distress. OWS was later added as a defendant.

A jury trial was held September 13 and 14, 2005. The defendants moved for, and the district court granted, judgment as a matter of law on Elliott's intentional infliction of emotional distress claim. Elliott's discrimination claims were submitted to the jury, and the jury found for the defendants on all counts. The court entered a take-nothing judgment on September 16, 2005.

**DISCUSSION**

Elliott's sole argument on appeal is that the district court,

in its jury instructions,[2] misstated the elements of proof for his discrimination claim by limiting the jury's consideration of the applicability of the ADA (and the corresponding Texas Human Resources Code Chapter 121) to Elliott's proposed use of a lead rope.[3]  At the charge conference, this objection was raised and overruled; the court concluded that because the pretrial order

[2]The district court instructed the jury that Elliott was required to prove six facts to prevail on his ADA claim:
"(1)     Plaintiff had a disability;
(2)  Defendant operated a place of public accommodation;
(3)  Plaintiff requested the accommodation of a lead rope to allow Plaintiff to ride without being able to see the direction of the trail;
(4)  The use of a lead rope on the trail at Palo Duro Canyon State Park is a reasonable accommodation;
(5)  Defendant was aware of Plaintiff's disability at the time of Plaintiff's request; and
(6)  Defendant failed to provide Plaintiff with a lead rope."  (RE Tab 9, at 6-7.)
Jury Question number one asked:
"Do you find, by a preponderance of the evidence, that Defendants DUSTIN DEAN 'DUSTY' HARRIS, individually, and OWS, INC. d/b/a OLD WEST STABLES failed to provide a reasonable accommodation under the AMERICANS WITH DISABILITIES ACT as defined by the Court's instructions by failing to permit Plaintiff to use a lead rope on their trail ride?"
The jury answered "no."

Jury question number 4 asked:
"Do you find, by a preponderance of the evidence, that providing Plaintiff CALEB ELLIOT a lead rope would have been a reasonable accommodation in policies, practices or procedures or auxiliary aids and services that was necessary to allow Plaintiff the full use and enjoyment of OLD WEST STABLES, as required by the TEXAS HUMAN RESOURCES CODE?"
The jury answered "no."

[3]Elliott does not challenge the district court's ruling on his intentional infliction of emotional distress claim.

3

referenced only the requested use of a lead rope, any other potential accommodations were not issues in the case. We review the district court's jury instructions for abuse of discretion. *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 550 (5th Cir. 2005). The court's legal conclusions are reviewed *de novo*. *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1056 (5th Cir. 1997).

The joint pretrial order in this case, entered on August 31, 2005, did not refer to any potential accommodation other than the use of a lead rope, which it referred to numerous times. Certainly, a reasonable reading of the Pretrial Order is that this was the only potential accommodation as to which there was any factual or legal issue to be tried. "'Once the [pretrial] order is entered, it controls the scope and course of the trial.'" *Valley Ranch Dev. Co., Ltd. v. Fed. Deposit Ins. Corp.*, 960 F.2d 550, 554 (5th Cir. 1992) (quoting *Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982)); *see also* FED. R. CIV. P. 16(e). An issue omitted from the order is waived. *Id*. And the district court "may refuse to give an instruction to the jury on an issue not [so] embodied in the pretrial order." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, 6A FEDERAL PRACTICE AND PROCEDURE § 1527, at 279 (2d ed. 1990).

Elliott argues that the pretrial order did not limit the accommodation possibilities to use of a lead rope. This argument requires an expansive reading of the order. As this court has

4

previously noted, "[d]istrict courts are encouraged to construe pre-trial orders narrowly without fear of reversal." *Flannery*, 676 F.2d at 129. Thus, "unless the court has abused its discretion, its rulings concerning the order will not be disturbed on appeal." *Id.* at 130. We find that the district court did not abuse its discretion in construing the pretrial order to raise only the issue of whether a lead rope is a reasonable accommodation.

Further, Elliott has not suggested any other modes of accommodation on which the district court should have instructed the jury. In a Title III[4] case, the "plaintiff has the burden of proving that a modification was requested and that the requested modification is reasonable." *Johnson*, 116 F.3d at 1059. Elliott has not suggested–in either his main or reply brief–alternatives to the lead rope, let alone alternatives that were requested.

Elliott asserts that he "need only request a modification that

---

[4]Title III of the ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (2000). Discrimination includes:
> "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii) (2000).

5

is reasonable 'in the run of cases'" and that therefore he "did not have to prove that the specific auxiliary aid of a lead rope would be suitable for use on Defendants' particular trail."  We agree that Elliott only needed to show that his requested modification was "generally reasonable." *Johnson*, 116 F.3d at 1058.  Thus, for example, Elliott did not need to go into the specifics of *how* the lead rope would be used.  But he still needed to show the requested modification.  The only such modification Elliott refers to is the use of a lead rope.  Elliott does not argue any other modifications that the district court should have asked the jury to consider.

Finally, Elliott also objects to the district court's jury instructions in relation to his Texas claim.  While he states that Texas Human Resources Code Chapter 121 is "the Texas analog to Title III ADA and imposes similar requirements" and partially quotes the Texas statute, Elliott does not cite any cases dealing with the Texas statute in his briefs and relies exclusively on ADA case law to make his arguments.  Thus, we do not consider whether his arguments on appeal might fare differently in regards to his Texas discrimination claim.  "Failure adequately to brief an issue on appeal constitutes waiver of that argument." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (citing FED. R. APP. P. 28(a)(9)(A)).

**CONCLUSION**

6

For the foregoing reasons, the judgment of the district court is

                              AFFIRMED.