United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No.  05-20907
_____

CONTINENTAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

SAIA MOTOR FREIGHT LINE, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. 4:03–CV–4350–EW)

_____

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

　　SAIA Motor Freight Line, Inc. ("SAIA"), a freight carrier, appeals the district court's

judgment following a bench trial, in which the district court awarded Plaintiff Continental

Insurance Company ("Continental") damages on its subrogation claim under the Carmack

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Amendment, 49 U.S.C. § 14706. We affirm for the following reasons:

1.      There is no jurisdictional defect in this case. This case was filed making a claim under federal law, and that "alone is sufficient to empower the district court to assume jurisdiction. . . ." *Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637, 645 (5th Cir. 1985) (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 359 (1959)). In its closing argument at trial, SAIA argued for the first time that the Carmack Amendment has no extraterritorial application, despite the fact that the joint pre-trial order stipulated that the Carmack Amendment governed the lawsuit. SAIA did not request an amendment of that order, and SAIA therefore waived the argument and did not preserve the issue for appeal. *See Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982).

2.      There is no express waiver of Carmack Amendment liability under 49 U.S.C. § 14101(b) in the contract. The language in SAIA's tariff, which it argues is incorporated by reference into the contract of carriage, does not refer to the Carmack Amendment in any way. SAIA cites Kevin Bryant's deposition testimony, in which he appears to agree that SAIA's tariff was incorporated into the bill of lading and waived SAIA's liability for damage that occurred in Mexico, but this testimony is irrelevant to the construction of the contract, which is a matter of law.

3.      The district court's factual findings regarding damages are not clearly erroneous. *See Torch, Inc. v. Alesich*, 148 F.3d 424, 426 (5th Cir. 1998) ("The factual findings of the trial court in a bench trial may not be set aside unless clearly erroneous and due regard must be given to its credibility evaluations.")

2

AFFIRMED.