S. WHITEHURST, JOHN WHITEHURST, LEON WHITEHURST AND ONAN WHITEHURST, *Plaintiffs in Error*, v. HERNANDO COUNTY, *Defendant in Error*.

Division B.

Opinion Filed March 18, 1926.

*Mabry, Reaves & Carlton*, for Plaintiff in Error;

*F. L. Stringer,* for Defendant in Error.

WHITFIELD, P. J.—On October 18, 1924, process was issued and served, and on November 3, 1924, an amended declaration was filed charging that the county "at some time in the latter part of the year 1923, the exact date being unknown to the plaintiffs, unlawfully and without the consent of the plaintiffs, entered upon" described land owned by the plaintiffs "and excavated and removed therefrom a large quantity, to-wit, 1050 cubic yards of earth," *viz,* clay, and used the same in paving the public roads of said county and in other stated ways damaged the land and injured its value, to the damage of plaintiffs in $3000.00. A demurrer to this declaration being sustained, the following amended declaration was filed:

"S. Whitehurst, John Whitehurst, James Whitehurst, Leon Whitehurst and Onan Whitehurst, plaintiffs, by their undersigned attorneys, sue Hernando County, a political division of the State of Florida, defendant, for that heretofore to-wit: In the year 1923, and at all other times mentioned in this declaration, were and still are the owners of the Northeast Quarter of Northeast Quarter except the Northeast Quarter of the Northeast Quarter of the Northeast Quarter of Section 5, Township 23, South, Range 21 East, and that said defendant at some time in the latter part of the year 1923, the exact date being unknown to the plaintiffs, unlawfully and without the knowledge or consent of the plaintiffs, entered upon the above described land and excavated and removed therefrom and converted to its own use, and wrongfully deprived the plaintiffs of the use and possession of, the plaintiff's goods, that is to say, 1050 cubic yards of earth of the character usually known as clay, all of the value of $3000.00, and used the same in paving the public roads of said county.

"Wherefore, the plaintiffs bring this suit and claim $3000.00 damages."

To this declaration the defendant county demurred on the following grounds:

"First. The declaration shows on its face that the cause of action is *ex delicto,* and that the defendant is a political subdivision of the State of Florida.

"Second. The declaration, after showing by positive averments that the defendant is a county of the State of Florida, sounds *in tort.*

"Third. The declaration shows on its face that the defendant is a county of the State of Florida, and after so showing, fails to show that the claim grew out of any contract with the defendant county.

"Fourth. The amended declaration constitutes a departure in pleading.

"Fifth. The original declaration declares in trespass, and the amended declaration, in addition thereto, declares in trover."

The demurrer to the amended declaration was sustained, and the plaintiffs "electing to stand on the amended declaration," a final judgment on the demurrer was rendered for the defendant and the plaintiffs took writ of error.

Without considering the question of a departure in the pleading or whether the county may be sued for such a cause of action as is stated in this case, Section 2941, Revised General Statutes, 1920, contemplates, that such a claim as is here asserted if good against the County "shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented." The declaration does not allege that the claim had been presented to the county commissioners. The statutory requirement is a prerequisite

to the right of action against the county. See 15 C. J. 646; 7 R. C. L. 958.

Affirmed.

Terrell and Buford, J. J., concur;

Brown, C. J., and Ellis and Strum, J. J., concur in the Opinion.