187 So.2d 48 (1966)
Charles FRADLEY, III, Appellant,
v.
COUNTY OF DADE, Appellee.
No. 65-739.
District Court of Appeal of Florida. Third District.
May 24, 1966.
Rehearing Denied June 21, 1966.
Edward P. Swan and Arthur F. McCormick, Miami, for appellant.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
This is an appeal from an order dismissing plaintiff's second amended complaint.
*49 The plaintiff instituted this malpractice action against the County of Dade for injuries alleged to have been sustained while a patient at Jackson Memorial Hospital between May 25, 1963 and July 15, 1963. It was alleged in the amended complaint that written notice of the claim was given to the defendant on July 15, 1964. It was further alleged that the plaintiff did not become aware of the negligence of the hospital staff until December 9, 1963.
A complainant in a malpractice suit has an election to sue in tort or for the breach of contract and the applicable statutory period depends upon the claim for relief stated by the plaintiff.[1]
The plaintiff has elected to bring this action for breach of contract therefore, the cause of action accrues from the time of the breach or neglect, not from the time when consequential damages result or become ascertained. This is so because the action is founded on the breach of duty and not the consequent injuries.[2]
Section 95.08, Fla. Stat., F.S.A. provides that notice of a claim shall be given to a county within one year from the time the claim becomes due or else it is barred.
Plaintiff has failed to comply with the statute which is a prerequisite to the right of action against the county. We therefore affirm the order on the authority of Whitehurst v. Hernando County, 91 Fla. 509, 107 So. 627 (1926); Kahl v. Board of County Commissioners of Dade County, Fla.App. 1964, 162 So.2d 522. See also: Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 56 A.2d 519, 175 A.L.R. 296 (1947).
Affirmed.
NOTES
[1] Manning v. Serrano, Fla. 1957, 97 So.2d 688.
[2] Larsson v. Cedars of Lebanon Hospital, 97 Cal. App.2d 704, 218 P.2d 604 (1950). See also 54 C.J.S. Limitations of Actions § 161.