PER CURIAM.
Appellants filed a complaint in which it was alleged that a certain subordination of mortgage agreement was delivered to the appellee in escrow and that because of the unauthorized delivery of said agreement before the performance of the condition agreed upon they were damaged. The complaint contained a count for breach of the oral escrow agreement and a count for damages on account of negligence in the performance thereof.
The alleged wrongful delivery occurred and the agreement was recorded on or about June 18, 1958. This action was instituted on October 4, 1963.
The cause of action, if any, arose at the time of the negligent act, misconduct or alleged breach, and not from the time when damages resulted. Lucom v. Atlantic National Bank of West Palm Beach, Fla., 354 F.2d 51 (5th Cir.1965); Cristiani v. City of Sarasota, Fla.1953, 65 So.2d 878; Fradley v. County of Dade, Fla.App. 1966, 187 So.2d 48; Simmons v. Bank of America, N.T.&S.A., 159 Cal.App.2d 566, 323 P.2d 1043 (1958). Section 95.11 Fla.Stat., F.S.A. permits actions on oral contracts within three years and tort actions within four jrears.
It appearing that this action was initiated more than four years after the date of the alleged wrongful delivery, the lower court correctly determined that it was barred by the statute of limitations.
Accordingly the decree appealed is affirmed.
Affirmed.