Kathryn NEUSPICKLE and Larry
D. Neuspickle

v.

The CITY OF KNOXVILLE,
TENNESSEE.

Civ. A. No. 6645.

United States District Court
E. D. Tennessee, N. D.

Nov. 10, 1969.

James H. Jarvis, O'Neil, Jarvis, Parker & Williamson, Knoxville, Tenn., for plaintiffs.

Robert L. Crossley, Baker, Worthington, Barnett & Crossley, Knoxville, Tenn., for defendant.

## ORDER

ROBERT L. TAYLOR, District Judge.

Defendant, City of Knoxville, pursuant to Rule 50 F.R.Civ.P., has moved for a judgment in its favor notwithstanding the verdict of the jury, upon the ground that plaintiffs failed to offer any evidence respecting the period of time the defect had existed in the sidewalk or street where Mrs. Neuspickle fell or actual notice to the City of such defect, and in the absence of such evidence plaintiffs failed to prove their case. We do not agree.

The question of whether the City constructed and maintained the sidewalk and street at the place of the accident was not an issue. The parties are bound by the issues in the pre-trial order and may not later inject a new issue except in exceptional cases, and this is not one. McCarthy v. Lerner Stores, 9 F.R.D. 31 (D.C.D.C., 1949).

The pre-trial order made no mention of lack of notice to the City of the defect. The first mention of this so-called issue was by counsel for the defendant when he made a motion for a directed verdict. If defendant's counsel had desired to present issues at the trial which were not contained in the pre-trial order, he should have asked for an amendment to

the pre-trial order. Fernandez v. United Fruit Company, 200 F.2d 414 (C.A.2, 1952). See Flanders v. United States, 172 F.Supp. 935 (D.C.Cal.). Notice of a defect to the City was not necessary if it constructed the street and sidewalk. 39 Am.Jur.2d—Highways, Streets and Bridges—¶ 411; 25 Am.Jur.—Highways —¶ 438.

The motion for a judgment notwithstanding the verdict is denied and it is accordingly ordered.