OWEN, Judge.
Appellant’s husband was killed in November, 1968, when an airplane piloted by him crashed at an airport operated by Bro-ward County. In November, 1970, appellant filed a wrongful death action against Broward County (and another) alleging that decedent’s death was due to negligent maintenance of the airport. The complaint did not allege compliance with F.S. Section 95.08, F.S.A.,[1] as a result of which the court dismissed the complaint as against Broward County. Upon appellant declining to amend, the presently appealed final judgment was entered in favor of Broward County.
Appellant suggests that the question on appeal is whether F.S. Section 95.08, F.S. A. is applicable to a tort claim. However, she candidly acknowledges that the courts have heretofore applied the statute to tort claims and forthrightly ask that we depart from such holdings, suggesting that they are incorrect.
It appears to be settled law in this jurisdiction that not only does F.S. Section 95.08, F.S.A. apply to tort claims against a county, Waite v. Dade County, Fla.1954, 74 So.2d 681; Kahl v. Board of County Com *239 missioners of Dade County, Fla.App.1964, 162 So.2d 522 (even when the claim arises as a result of propriety or nongovernmental functions performed by the county, Kahl v. Board of County Commissioners of Dade County, supra), but also that the complaint must allege compliance with the statute as a pre-requisite to stating a valid cause of action against the county, Whitehurst v. Hernando County, 1926, 91 Fla. 509, 107 So. 627.
The complaint in this case failed to allege compliance with the statute and on appeal appellant concedes as a fact that within one year of the time that the cause of action accrued no notice was given to the county of an intent to bring suit on the wrongful death action. On the authority of the cases above cited, the court correctly determined that appellant’s action against Broward County was barred and that the county was entitled to a judgment in its favor.
Affirmed.
REED, C. J., and CROSS, J., concur.

. 95.08 Limitation of claims against county. Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.