**PACIFIC INDEMNITY COMPANY, Plaintiff,**

v.

**BROWARD COUNTY, Defendant-Appellee,**
and
**Florida Airmotive Sales, Inc., Defendant-Appellant.**

**No. 71–2646.**

United States Court of Appeals, Fifth Circuit.

July 25, 1972.

Rehearing and Rehearing En Banc Denied Sept. 25, 1972.

Paul R. Larkin, Jr., James E. Tribble, Blackwell, Walker & Gray, Miami, Fla., for Florida Airmotive Sales, Inc.

Richard J. Thornton, Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for Broward County.

Samuel A. Brodnax, Jr., Kermit G. Kindred, Miami, Fla., for Pacific Indemnity Co.

Before GEWIN, COLEMAN and IN-GRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

This appeal presents the Case of the Forgotten Issue and raises the interesting problem of what happens in a diversity suit where the litigants raise an issue in their pleadings and then forget about the question until after the case has gone to the jury. The district court treated the absence of proof on the issue to be a failure of proof of a material element of the cross-claim of Florida Airmotive Sales, Inc. (Airmotive) against Broward County and granted judgment notwithstanding the verdict in favor of the County on the cross-claim. We affirm.

The suit was instituted by Pacific Indemnity Company as property damage insurer and subrogee of the Donzi Marine Corporation for damages in the sum of $389,000 for the destruction by fire of four aircraft owned by Donzi and insured by Pacific Indemnity. Pacific Indemnity sued both Broward County, which owned the hangar in which the aircraft were housed at the time of the fire, and Airmotive which rented the hangar from the County and had in turn leased space in the hangar to Donzi.

Airmotive filed a cross-claim against the County seeking indemnity from any loss from the suit by Pacific Indemnity and also seeking damages for the destruction of Airmotive's own aircraft and other property caused by the fire. The County replied to Airmotive's cross-claim, incorporating motions to dismiss, and asserting a counter-cross-claim against Airmotive for indemnity from loss arising from the suit by Pacific Indemnity and also seeking damages for the loss of the hangar.

Pre-trial motions disposed of both indemnity claims and that part of the County's claim for the loss of the hangar based on contractual indemnity. Pursuant to a stipulation between the parties a pre-trial order was entered. The cause was tried before a jury on the main claim of Pacific Indemnity and the remaining issues of negligence and damages raised by Airmotive's cross-claim

and the County's counter-cross-claim. The jury returned verdicts in favor of Pacific Indemnity against the County for $389,000 and in favor of Airmotive as to Pacific Indemnity's claim against it. The jury also found in favor of Airmotive on its cross-claim against the County, awarding damages of $150,000, and against the County on its counter-cross-claim against Airmotive.

Following the entry of judgment on Airmotive's cross-claim, the County filed a motion for judgment N. O. V. and for a new trial. After a hearing on the motion the trial court granted the County's motion for judgment N.O.V., vacated the judgment in favor of Airmotive on its cross-claim, and entered judgment for the County. Airmotive appeals from that judgment.[1]

Although the parties raise other questions on appeal, we reach only the problem of the interplay between the substantive law of Florida and Rule 16 F. R.Civ.P. concerning pre-trial orders.

Of central importance here is Florida Statute § 95.08, F.S.A.:

"Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented."

In count one of their amended cross-claim Airmotive specifically pleaded that notice had been given to the County in accordance with the statute. In count two Airmotive realleged by reference a number of the specific allegations of count one, including the allegation of notice to the County. In reply the County specifically denied the allegation of notice contained in count one, denied all of the specific allegations of count two and included as to both counts a general denial of all allegations of the cross-claim not specifically admitted. In addition the County in its reply separately moved to dismiss both counts of Airmotive's cross-claim because, *inter alia*, Airmotive had failed to give the County notice of the claims within the time required by the statute.

Thereafter during the entire pre-trial proceedings, which included two motions by the County for summary judgment on Airmotive's cross-claim, through the pre-trial hearing and order, up until the close of all evidence at trial, no specific mention of the issue of notice was made by either the County or Airmotive. Under the district court's local rules the parties were required in their pre-trial stipulation to set forth the facts as to which there was no disagreement, the remaining issues for determination and all undisposed motions. Airmotive's allegation of notice to the County was not set forth as a stipulated fact,[2] and neither party included the question in their list of issues to be determined. The stipulation did indicate that the County's motions to dismiss the cross-claim which were based on the absence of notice remained to be acted on by the court. At the pre-trial hearing all pending motions to dismiss were denied.

At the trial of the cause, no mention was made of the issue of statutory notice until the conclusion of all of the evidence, when the County moved for a directed verdict on Airmotive's cross-claim because, *inter alia*, Airmotive had failed to introduce any proof of compliance with the statutory notice provisions. That motion was denied. However following trial the County sought and was granted judgment N.O.V. on Airmotive's cross-claim for the same reason.

Airmotive contends that the Florida notice statute does not affect the court's jurisdiction and that a county may waive or be estopped to assert the lack of statutory notice. Airmotive argues

1. There were appeals and cross-appeals by all the parties to the litigation but all disputed matters have now been settled except the issues raised by Airmotive and Broward County.

2. However the stipulation did include the agreed fact that Pacific Indemnity had given the County the requisite statutory notice.

that in this case the County has waived or is estopped to assert the failure of Airmotive to prove compliance with the notice statute by (1) failing to preserve the issue by its pleadings, or (2) by failing to preserve the issue in the pretrial stipulation, or (3) by the collective impact of these and other procedural developments prior to the time of trial.

Broward County responds that any conduct on its part constituting an alleged waiver or estoppel to assert lack of notice must occur during the 1 year period in which notice must be given. The County contends it did preserve the issue and that in the absence of proof of notice the court lost jurisdiction of the suit.

A careful review of the Florida cases convinces us that the Florida courts view the statutory notice as a condition precedent to a claimant's suit. Whitehurst v. Hernando County, 91 Fla. 509, 107 So. 627 (1925) is perhaps the foundation case on the point. In *Whitehurst* the Florida Supreme Court affirmed a judgment on the pleadings for the County where the plaintiff had failed to allege that the claim had been presented to the County within the statutory period.

> "The statutory requirement is a prerequisite to the right of action against the county."

107 So. at 628. See also, Fradley v. County of Dade, 187 So.2d 48 (Fla.App. 1966); Kahl v. Board of County Commissioners of Dade County, 162 So.2d 522 (Fla.App.1964). Most recently in Ribler v. Florida Power and Light Co., 254 So.2d 238 (Fla.App.1971), involving a suit against Broward County arising from its operation of this same airport, the court affirmed a judgment in favor of the County because the complaint failed to allege compliance with the statute.

> "It appears to be settled law . . . that the complaint must allege compliance with the statute as a pre-requisite to stating a valid cause of action against the county, . . ."

254 So.2d at 238–239.

In none of the cases cited have we found an instance where the Florida courts have indicated that the absence of notice affects the court's jurisdiction to hear the suit. Indeed in Webb v. Hillsborough County, 128 Fla. 471, 175 So. 874 (1935) the court permitted a claim in the absence of formal notice contemplated by the statute. In several suits involving analogous notice requirements [3] of claims against municipalities the Florida Courts have indicated that suit may be maintained in some circumstances in the absence of any notice at all. Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla.1965); Tillman v. City of Pompano Beach, 100 So.2d 53 (Fla.1957).[4] We therefore conclude that the absence of proof of notice does not deprive the court of jurisdiction, but that notice is an essential element of a claimant's suit which must be alleged and proved in the absence of an admission, waiver or estoppel by the County.

In the present case it is apparent that the County has neither waived nor admitted *notice in fact*. Unlike the pleadings in *Rabinowitz* and *Tillman,* supra, Airmotive did not allege in its cross-claim that the County by its actions had waived or was estopped to assert lack of notice. Airmotive alleged that it had given the County the required notice. The County by its answer denied that Airmotive had given the required notice and moved to dismiss. The issue was thus clearly joined in the pleadings.

Airmotive contends that even if the County's reply constituted a sufficient denial of the allegation of notice, it sub-

---

3. The Florida Courts do not seem to distinguish between counties and municipalities in this regard. Cf., Toop v. Metropolitan Dade County, 151 So.2d 69 (Fla.App. 1963).

4. However a contrary rule did prevail in earlier cases, e. g., Town of Mount Dora v. Green, 117 Fla. 385, 158 So. 131, 132 (1934).

sequently abandoned or waived the issue, or became estopped to assert it as a result of the County's participation in the pre-trial stipulation. This amounts to the assertion that although the County did not waive notice in fact, it did waive or become estopped to complain that Airmotive had failed to prove notice. We disagree.

Rule 16 F.R.Civ.P.[5] gives the trial court broad discretion in conducting pre-trial procedures in order to narrow the issues, reduce the field of fact controversy for resolution, and to simplify the mechanics of the offer and receipt of evidence. Laird v. Air Carrier Engine Service, Inc., 263 F.2d 948, 953 (5th Cir. 1959). Certainly the pre-trial order is most useful in this regard, and when entered does control the subsequent course of the action unless modified at trial to prevent manifest injustice. Rule 16 F.R.Civ.P.

"The pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit. The issues having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason which must rest largely within the discretion of the trial court."

Case v. Abrams, 352 F.2d 193, 195–196 (10th Cir. 1965).

Although the pre-trial order may supersede the pleadings it does not operate in the same manner to frame the issues as the earlier pleadings. The com-

plaint is drafted with a view to the necessary allegations for jurisdiction and to state a claim. The answer must in some fashion respond to each claim and averment in the complaint. If the answer fails to deny an averment in the complaint it is deemed admitted. Rule 8 F. R.Civ.P. But the pre-trial order is drafted with a view as to what the proof will be at trial. In preparing the stipulation which forms part of the order each party sets forth the facts which are agreed and the issues which remain. Nothing in Rule 16 F.R.Civ.P. nor in the local rule involved here suggests that a party waives or admits an issue as to which his opponent has the burden of proof by failing to include the issue in his pre-trial stipulated list of remaining issues.

The failure to indicate in the pre-trial order that an issue remains to be resolved at trial usually precludes the offer of proof on the issue at trial—to the detriment of the party who has the burden to prove the issue. This common-sense rule has been followed where the plaintiff pleads a theory of recovery in his complaint, but fails to preserve the theory in the pre-trial order, Fernandez v. United Fruit Co., 200 F.2d 414 (2d Cir. 1952), cert. denied 345 U.S. 935, 73 S.Ct. 797, 97 L.Ed. 1363 (1953), and where the defendant pleads a number of affirmative defenses which he fails to preserve during pre-trial, Shell v. Strong, 151 F.2d 909 (10th Cir. 1945). In this manner the pre-trial order per-

5. In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider

(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;

(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

(4) The limitation of the number of expert witnesses;

(5) The admissibility of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

(6) Such other matters as may aid in the disposition of the action.

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions.

mits the parties and the court to prepare for trial with the assurance that they know what issues they must be ready to meet.[6]

■ In the present case Airmotive had the burdn to prove as part of its cause of action against the County that the statutory notice had been given as alleged. When the question was not admitted nor preserved for trial in the pre-trial order the County had grounds for a technical objection in the event Airmotive attempted to prove notice at trial. However the court in the exercise of its discretion to prevent manifest injustice under Rule 16 F.R.Civ.P. could have amended the pre-trial order during trial to permit proof on the question. Alternatively, the court could have ordered a limited new trial under Rule 59 F.R.Civ.P. where, as in these circumstances, the issue was in good faith overlooked by all concerned. But to hold, as Airmotive contends, that the County waived statutory notice because the County failed to remind Airmotive in the pre-trial stipulation that Airmotive still had to prove that it had given the County notice would strain the logic of our adversarial system and would destroy much of the usefulness of a pre-trial order as a device to reduce and limit issues at trial.

Airmotive did not ask the trial court for a new trial following the entry of the judgment N.O.V. and has stated to this court that it does not seek a new trial. Airmotive failed to prove a material element of its cause of action by

cross-claim against the County. Accordingly, the judgment of the district court, notwithstanding the verdict, is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

6. The courts have followed a similar rule in the more common instance where an offer of proof of a new claim or defense is attempted at trial when no mention of the claim or defense has been made in either the pleadings or the pre-trial order. E. g., where a defendant has failed to mention a defense, Southern Pacific Transportation Co. v. Nielsen, 448 F.2d 121, 125 (10th Cir. 1971); Valdesa Compania Naviera v. Frota Nacional de Petroleiros, 348 F.2d 33, 37 (10th Cir 1965); Taylor v. Reo Motors, Inc., 275 F.2d 699, 705 (10th Cir 1960); Frank v. Giesy, 117 F.2d 122, 126–127 (9th Cir 1941); Neuspickle v. City of Knoxville, 48 F.R.D. 441 (E.D.Tenn.1969) [involving non-statutory notice of defect]; Washington v. General Motors Acceptance Corp., 19 F.R.D. 370 (S.D.Fla.1956); Bernard v. U. S. Aircoach, 117 F.Supp. 134, 137 (S.D.Calif.1953). E. g., where the plaintiff has failed to mention a claim, Monod v. Futura, Inc., 415 F.2d 1170, 1173 (10th Cir. 1969). Cf., Meadow Gold Products Co. v. Wright, 108 U.S.App.D.C. 33, 278 F.2d 867 (1960).