478 So.2d 423 (1985)
DOVENMUEHLE, INC., an Illinois Corporation, Appellant,
v.
LAWYERS TITLE INSURANCE CORPORATION, Appellee.
No. 84-1665.
District Court of Appeal of Florida, Fourth District.
November 6, 1985.
Rehearing Denied December 12, 1985.
Lewis M. Kanner of Trenam, Simmons, Kemper, Scharf, Barkin, Frye & O'Neill, P.A., Miami, for appellant.
George N. Jahn and Alice Blackwell White of Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A., Orlando, for appellee.
LETTS, Judge.
This case involves the entry of a summary judgment in favor of a title company which successfully claimed the cause of action against it arose at the time it allegedly breached its contract and that the statute of limitations was not tolled pending completion of all of the terms thereunder. We agree and affirm.
*424 The mortgage lender, which had made a joint acquisition and construction loan, employed this title company, not only to issue a policy of mortgagee title insurance and conduct the acquisition closing, but also employed it to disburse over six million dollars in mortgage proceeds, in stages, pursuant to an accompanying construction loan agreement. At each stage, the title company was required to update the policy and issue a certificate of endorsement. More than five years later in 1978, the lender sought recovery of some $250,000 which it claims was erroneously disbursed to improper parties by the title company at the original acquisition closing in 1973. It is conceded that one of the lender's senior officers, and also its counsel, attended the acquisition closing and had access to the closing statement reflecting the allegedly erroneous disbursements. However, it is contested as to whether they specifically approved those disbursements or were actually aware of them in 1973.
It is also conceded that section 95.11(3)(k), Florida Statutes (1983), which provides for a four-year statute of limitations, applies. The point at issue is: when did this statute of limitations begin to run? The title company claims it did so when the alleged erroneous disbursements were made at the acquisition closing in 1973. The mortgage lender insists the statute did not commence to run until it and the title company finalized their relationship after the last payout on the construction loan sometime in 1978.
There is disagreement as to whether the continuing five year relationship between the lender and the title company constituted one contract or several, but we believe a solution to that dispute is irrelevant under the facts of this case because we are convinced the statute of limitations began to run in 1973, even if we assume for the purposes of this opinion (as we do but do not hold) that only one continuing contract existed. A fortiori the same result would pertain if separate contracts were presumed.
There can be no doubt that the erroneous disbursements in 1973, if improper as alleged by the lender, constituted a breach of contract at that time. Under the facts and circumstances such as exist in the instant proceedings, the law on this subject appears to be that "the cause of action, if any, arose at the time of the negligent act, misconduct, or alleged breach and not from the time when the damages resulted." Meyer v. Roth, 189 So.2d 515 (Fla. 3d DCA 1966), cert. dismissed, 198 So.2d 29 (Fla. 1967); Fradley v. County of Dade, 187 So.2d 48 (Fla. 3d DCA 1966).
The lender believes otherwise and cites us to Birnholz v. Steisel, 394 So.2d 523 (Fla. 3d DCA 1981), and to Miami Beach First National Bank v. Borbiro, 201 So.2d 571 (Fla. 3d DCA), cert. denied, 207 So.2d 689 (Fla. 1967), for the proposition that the limitation period, assuming one continuous contract, does not begin to run until the final termination, or completion, of the relationship. However, these cases are not convincing considering the posture of the matter now before us. Both these decisions, cited by the lender, concern quantum meruit claims for which the services were fully performed and there were never any allegations of breach of contract against the party seeking payment therefor, even after the services were terminated. In the case at bar, a definite breach is alleged to have occurred during the life of the contract; that is, at the time the property was acquired in 1973. We hold that the statute of limitations began to run on that date in 1973.
The question of when one, by the exercise of reasonable diligence, should have known when his cause of action arose against a defendant is, ordinarily, one of fact that should be left to the jury. First Federal Savings & Loan Association of Wisconsin v. Dade Federal Savings & Loan Association, 403 So.2d 1097 (Fla. 5th DCA 1981); Schetter v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974). However, mere ignorance of the existence of the cause of *425 action without more will not postpone the operation of the statute of limitations. See 54 C.J.S. Limitations of Actions § 205 (1948); Houston v. Florida-Georgia Television Company, 192 So.2d 540 (Fla. 1st DCA 1966).
A party seeking to avoid the running of the statute of limitations must bear the burden of proving circumstances that would toll it. Landers v. Milton, 370 So.2d 368 (Fla. 1979). There are no allegations by the lender that there was any fraud or concealment on the part of the title company as to the disbursement of these funds. The record reveals that the lender's vicepresident and its counsel were both present at the 1973 closing and made no objections to any of the disbursements. Furthermore, both had access to the closing statement at that time. They, therefore, knew or clearly should have known, of the breach and they give no explanation in the record as to why they did not, or could not (other than to make the bland statement in their appellate briefs that they did not "discover" the breach until the termination of employment in 1978).
Based upon the foregoing, we find there were no genuine issues of material fact. Thus, the final summary judgment entered by the trial court in favor of the title company should be affirmed on the ground that the lender's cause of action is barred by the statute of limitations, section 95.11(3)(k), Florida Statutes (1983).
We find no merit to the other points on appeal.
AFFIRMED.
DOWNEY, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting.
I respectfully dissent because, in my opinion, there were disputed issues of material fact which make the use of summary judgment inappropriate.