**Franklin L. MILLER,
Plaintiff-Appellant,**

v.

**LOS ANGELES COUNTY BOARD OF EDUCATION and Stuart E. Gothhold,
Defendants-Appellees.**

No. 84–6469.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1986.

Decided Sept. 5, 1986.

Franklin L. Miller, in pro. per.

Catherine B. Hagen, Los Angeles, Cal., for defendants-appellees.

Before SCHROEDER and FLETCHER, Circuit Judges, and WILKINS,* Senior District Judge.

SCHROEDER, Circuit Judge.

The appellant, Franklin Miller, filed this action against his former employer, the Los Angeles County Board of Education, for alleged violations of 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* Miller represented himself at all times. The case proceeded to trial before a jury on the section 1981 and 1983 claims and to the court on the Title VII claim. Judgments were rendered against him and in favor of defend-

ants on all of the claims, and he now appeals.

As part of the pretrial proceedings in the case, the district court ordered the plaintiff to submit to the court, and opposing counsel, the questions he intended to ask witnesses on direct examination. The court received objections from the defendants so that it could rule upon them in advance of trial. The soundness of that procedure is the principal issue appellant raises on appeal.

In devising this unusual procedure, the court made it clear that it was doing so in order to help the trial proceed more efficiently, to assist the pro se plaintiff in presenting his case to the jury, and to avoid unnecessary expense, confusion and embarrassment for him during the trial. In a post-trial conference, the district court articulated, for purposes of making a record for this anticipated appeal, the difficulties that trial courts face in trying civil cases before a jury when the plaintiff is not represented by counsel. The district judge described the problems that arise when a pro se plaintiff attempts to question himself, including the incessant objections from opposing counsel. The district court concluded that "these [section 1983 pro se trials] are the most difficult cases we have in the district court."

The appellant's principal argument on appeal is that the procedure used in this case violates due process because it necessarily discloses trial strategy and deprives the plaintiff of any element of surprise in the presentation of his direct examination.

The principal difficulty with this argument is that it is against the historical tide which shaped our rules of civil procedure. The rules authorize and encourage pretrial rulings on evidentiary matters. Under Rule 34, documents are discoverable before trial, and without leave of court. A witness's knowledge and memory may be probed before trial pursuant to Rule 30,

---

* Honorable Phillip C. Wilkins, Senior United States District Judge for the Eastern District of California, sitting by designation.

and Rule 26 provides generally that "[p]arties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action...." Of particular relevance here is Rule 16, which provides for a pretrial conference and expressly contemplates "adopting special procedures for ... unusual proof problems." Rule 16(c)(10). *See also* Fed.R.Civ.P. 16(c)(3) (parties should consider seeking advance rulings on admissibility of evidence) and (c)(11) (participants of pretrial conference should take action on "any other matters as may aid in the disposition of the action").

Appellate courts have repeatedly stated that trial courts should use Rule 16 to expedite litigation and prevent surprise during trial. *See, e.g., Mechmetals Corp. v. Telex Computer Products, Inc.,* 709 F.2d 1287, 1294 (9th Cir.1983); *Wallin v. Fuller,* 476 F.2d 1204, 1208 (5th Cir.1973); C. Wright & A. Miller *Federal Practice and Procedure* § 1522 (1971 & Supp.1986), and cases cited therein.

■ The court in this case attempted to do exactly what Rule 16 envisions, albeit by somewhat novel methods. The court, based upon its observation of plaintiff Miller, concluded that Miller was likely to pose questions at trial that would warrant continuous objection by his adversary.[1] The court feared that constant objections, many of which might be meritorious, would not only lengthen the trial unnecessarily, but would also work to Miller's ultimate detriment. The court therefore exercised the broad discretion available to it under Rule 16, *see, e.g., Pacific Indemnity Co. v. Broward County,* 465 F.2d 99, 103 (5th Cir. 1972), in requiring Miller to submit his questions in advance. We believe that the court's requirement in this case, like a requirement that parties disclose witnesses and the subject matter of witnesses' testimony, or that exhibits be submitted in advance so that objections can be made at the

pretrial stage, is clearly permissible under the Rules. *See* Fed.R.Civ.P. 16(c).

■ We conclude, based upon the flexibility of our rules in encouraging courts to develop new strategies for dealing with litigation problems, that the order of the district court in this case cannot be regarded as a per se violation of due process.

■ Our inquiry cannot end there, however, for there is no doubt that requiring only one side to disclose questions in advance could put the disclosing party at a serious disadvantage in a given case. We therefore must review the district court's action in this case to see if there was any abuse of discretion. We have carefully reviewed the record and conclude that there was none. There is no basis for holding that the court's order resulted in any unfairness. Although the appellant suggests that he was deprived of spontaneity in his questioning, he has not indicated what he would have done differently or what questions he might have asked had he been completely free to ask spontaneous questions on direct examination. The plaintiff was permitted unfettered redirect examination of his witnesses, full rebuttal, and cross-examination of the defendant's witnesses. Although the district court did not request in advance the precise questions that the defense counsel wished to ask of its witnesses, the nature of the defense and the witnesses to be presented were comprehensively disclosed prior to trial.

The questions that the plaintiff submitted contained a number of inappropriate and irrelevant lines of inquiry, which were properly foreclosed. The result was that the plaintiff was able to present his case to the jury with a minimum of interruption. The district court's procedure clearly worked to his advantage in that regard. We therefore conclude that in this case, the district court did not abuse its discretion in ruling, prior to a jury trial, upon objections

---

1. The questions that Miller submitted confirm this judgment.

to questions that the pro se plaintiff sought to ask witnesses.

■ Appellant's remaining contentions may be dealt with summarily. The record indicates that Miller was not precluded from making objections and vigorously examining witnesses. The trial court did not abuse its discretion in failing to compel production of witness's address since Miller never made a motion to compel. Miller's claim of bias is belied by the district court's efforts to help him present his case intelligibly.[2] The district court did not abuse its discretion in setting aside the default judgment against the Board because sound reasons were provided for the failure to answer the complaint. Finally, the district court did not abuse its discretion in failing to give an instruction on misrepresentation because Miller never asked for such an instruction.

Miller also challenges the district court's findings on the Title VII claim which was tried to the court. We conclude that the district court did not err in holding that Miller failed to prove a prima facie case of racial discrimination under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), or alternatively, in holding that the defendants articulated legitimate, nondiscriminatory reasons for his discharge. The trial court's findings that Miller was discharged because of his unsatisfactory job performance and falsification of his employment application were not clearly erroneous. Therefore, Miller failed to meet his burden of proof under Title VII.

The judgment of the district court is therefore affirmed.[3]

---

**2.** As the district court observed, its efforts to aid Miller, if anything, have put the appellees at a disadvantage. Yet, the court's approach permitted the appellees to present objections to the proposed lines of questioning. It gave the pro se plaintiff needed advance guidance but did not involve the court on an ex parte basis in the preparation of the plaintiff's case. It was therefore clearly preferable to an *in camera* examination of the questions and an ex parte ruling. Compare *Jacobsen v. Filler*, 790 F.2d 1362, 1365–66 (9th Cir.1986) (district court should not tell a pro se plaintiff how to respond to a motion for summary judgment and should refrain from open-ended participation in pro se civil cases) *with Wilburn v. Escalderon*, 789 F.2d 1328, 1332 (9th Cir.1986) (district court should advise a pro se plaintiff when the complaint omits an indispensable party).

**3.** Because we find that Miller raised legitimate issues on appeal, we deny appellees' request for sanctions. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1449 (9th Cir.1985).