661 So.2d 1271 (1995)
Roy HAWKINS, and Ted Turner, d/b/a, H & T Farms, Appellants,
v.
Dale BARNES, d/b/a Barnes Fertilizers, Appellee.
No. 94-1930.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
*1272 Donald E. Holmes of Holmes & Pickens P.A., Palatka, for Appellants.
William P. Zimmerman, III, and Patti A. Christensen of Christensen & Burk, St. Augustine, for Appellee.
PHILIP J. PADOVANO, Associate Judge.
This is an appeal from a final judgment for the plaintiff in a suit on an open account. We conclude that the action is barred by the statute of limitations and therefore reverse.
The plaintiff, Dale Barnes, sold fertilizer and other agricultural products on account to the defendants, Roy Hawkins and Ted Turner, from 1983 until 1991. There were two accounts during this period but they were not active at the same time. The parties traded under the first account until May of 1985 when it was closed with a substantial balance due, and then they agreed that future purchases would be charged to a second account. Eventually, the defendants fell behind in their payments on the second account and the plaintiff declined to sell them any more products on credit. The defendants made several purchases in February and March of 1991, but these purchases were posted to the second account as cash transactions. The last payment made on the balance of the first account was in November of 1985 and the last payment on credit in the second account was in July of 1987.
On February 23, 1993, the plaintiff filed a two-count complaint against the defendants seeking to recover $163,092.39, the balance due on the first account, and $122,092.39, the balance due on the second account. Following a nonjury trial, the court found that the action on the first account was barred by the statute of limitations. However, the court concluded that the action on the second account was timely because the statute of limitations had not yet expired in 1991 when the defendants purchased goods from the plaintiff for cash. The court reduced the amount due on the second account to adjust for excessive service charges and rendered judgment for the plaintiff on count two in the amount of $88,277.02.
Statutes of limitation are designed to prevent unreasonable delay in the enforcement of legal rights. The purpose of setting a fixed time limit on the right to assert a civil claim is to encourage prompt resolution of controversies and to protect against the risk of injustice. Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass'n, Inc., 581 So.2d 1301 (Fla. 1991). The result may seem harsh when the statute of limitations operates to extinguish a valid claim. Nevertheless, the policy of the statute is to bring an end to potential liability by imposing a fixed time limit on the right to assert a claim. As to each civil action, the applicable statute of limitations serves notice of a potential bar and provides a reasonable time within which the plaintiff can initiate a claim.
The statute of limitations begins to run on a claim from the date the cause of action accrues. Kush v. Lloyd, 616 So.2d 415 (Fla. 1992); Penthouse North Ass'n, v. Lombardi, 461 So.2d 1350 (Fla. 1984). Section 95.031(1), Florida Statutes (1987) defines "accrual" as the time when "the last element constituting the cause of action occurs." Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992). By this definition, an action on an open account accrues when payment is due for items charged to the account. Unless the parties have agreed otherwise, payment is due on an open account immediately.
*1273 An action on an account may be barred in whole or in part by the statute of limitations depending on the type of account. For a simple open account in which there is a unilateral obligation to pay for items purchased on credit, the statute applies to each item separately and the claims are severally barred when the statute runs as to each. Dixie Clamp & Scaffold v. Toll Dev. Corp., 473 So.2d 729 (Fla. 4th DCA 1985). However, if the parties have agreed that each item of an account represents a single demand for payment of the entire balance, the statute runs from the date of the last item and all previous items are drawn with it to that time.[1] The account in this case is governed by the rule in Dixie Clamp, but, by either standard, the time for filing a claim has expired. Even the most recent charge to the account was beyond the applicable limitation period. Section 95.11(3)(k), Florida Statutes (1987) provides that an action on an open account must be filed within four years and more than four years have elapsed since the last payment fell due on the account.
With these principles in mind, we address the trial court's holding that the subsequent business dealings between the parties tolled the running of the statute. The narrow issue of law for our determination is whether a cash transaction posted to an open account defers the starting date of the statute of limitations for an action on the account. We conclude that it does not.[2] An action to recover on an open account is essentially an action to collect on a debt created by a series of credit transactions. H & H Design Builders, Inc. v. Traveler's Indem. Co., 639 So.2d 697 (Fla. 5th DCA 1994); Central Ins. Underwriters v. National Ins. Co., 599 So.2d 1371 (Fla. 3d DCA 1992); Robert W. Gottfried, Inc. v. Cole, 454 So.2d 695 (Fla. 4th DCA 1984). One party to the account agrees to sell goods or services on credit and the other assumes the obligation to make payment. These duties do not change merely because the parties have decided to engage in a course of trade on a cash basis. Consequently, the accrual of an action on an open account is not deferred by a cash transaction between the parties to the account.
The outcome of this case would likely be different if the defendants had agreed to pay the existing debt when the new purchases were made or if the credit had been carried forward by applying the payments on the new purchases to the previous debt. Many courts have recognized that a partial payment on an open account tolls the statute of limitations if the payment is made under circumstances creating an inference that the debtor has expressed an intent to pay the entire debt in the future. See, e.g., T.S. McShane Co., Inc. v. Dominion Const. Co., 203 Neb. 318, 278 N.W.2d 596 (Neb. 1979); Whitley's Elec. Service, Inc. v. Sherrod, 293 N.C. 498, 238 S.E.2d 607 (N.C. 1977); Kadrmas, Lee & Jackson, P.C. v. Bolken, 508 N.W.2d 341 (N.D. 1993); Greer Limestone Co. v. Nestor, 175 W. Va. 289, 332 S.E.2d 589 (W. Va. 1985). In contrast, the cash transactions here did not have any bearing on the previous credit arrangement between the parties. We therefore conclude that the action to recover on the second account is barred by the statute of limitations. The judgment for the plaintiff on that count is reversed.
REVERSED AND REMANDED.
W. SHARP, and THOMPSON, JJ., concur.
NOTES
[1] See, 1 AM.JUR.2d Accounts and Accounting §§ 22, 23 (1994).
[2] Although there are no decisions on this point in Florida, the court adopts the general rule in other states that the purchase of goods or services in cash does not extend the running of the statute of limitations on an open account. Apuzzo v. Hoer, 125 Conn. 196, 4 A.2d 424 (Conn. 1939); Cohen v. Toy, 150 So.2d 605 (La. Ct. App. 1963); 1 AM.JUR.2d Accounts and Accounting § 24 (1994).