941 So.2d 576 (2006)
MEDICAL JET, S.A., Appellant,
v.
SIGNATURE FLIGHT SUPPORT-PALM BEACH, INC., Appellee.
No. 4D05-1760.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
*577 Barbara J. Riesberg of Roth, Rousso, Katsman & Schneider, L.L.P., Aventura, for appellant.
John M. Murray, Michael G. Shannon and Christopher E. Doran of Murray, Marin & Herman, P.A., Coral Gables, for appellee.

ON MOTION FOR REHEARING
GROSS, J.
We grant appellee, Signature Flight Support-Palm Beach, Inc.'s, motion for rehearing, withdraw the original panel opinion, and affirm the judgment. Under well established principles of law, the statute of limitations barred appellant, Medical Jet, S.A.'s, action for breach of contract concerning the inspection and repair of its aircraft.
Medical Jet owned an aircraft registered in Argentina. In 1998, Medical Jet entered into an agreement with appellee, Signature Flight Support-Palm Beach, Inc., providing that Signature Flight would inspect and repair the aircraft. Medical Jet contends that Signature Flight represented that it had current certification from the Argentine aircraft regulatory authority. Signature Flight performed the work and returned the aircraft to Medical Jet on April 23, 1998.
According to Medical Jet, the Argentine authorities grounded the aircraft on May 14, 1999 because the plane failed to pass its annual inspection; the reason for that failure was that Signature Flight lacked a current certification number from the Argentine regulatory body.
In 1999, Medical Jet sued Signature Flight for breach of contract. That action was dismissed for failure to prosecute in July, 2003. Medical Jet filed the complaint here at issue on August 27, 2003. The circuit court granted a motion for judgment on the pleadings, ruling that the five-year statute of limitations of section 95.11(2)(b), Florida Statutes (2004), barred the cause of action.
The statute of limitations for a contract founded on a written instrument is five years. See § 95.11(2)(b), Fla. Stat. (2004). "A cause of action accrues [for statute of limitations purposes] when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2004). Signature Flight breached the contract when it performed the contract work without the proper certificate from the Argentine government. If the cause of action accrued at the time of the breach, then accrual could have occurred no later than April 23, 1998, the date that Signature Flight returned the plane to Medical Jet. If this is correct, then the August 27, 2003 lawsuit fell outside the five-year statute of limitations.
The dissent believes that the cause of action did not accrue until May 14, 1999, when the Argentine regulatory authority grounded Medical Jet's aircraft. The basis of that belief is that Medical Jet suffered no actual damages until the plane was grounded on May 14, 1999, and that such damage was the last element giving rise to the cause of action. See § 95.031(1), Fla. Stat. (2004).
*578 For a breach of contract action, it is well established that a statute of limitations "runs from the time of the breach, although no damage occurs until later." 18 Richard A. Lord, Williston on Contracts § 2021A (3d ed. 1978). Florida has followed this general rule that a cause of action for breach of contract accrues at the time of the breach, "not from the time when consequential damages result or become ascertained." Fradley v. County of Dade, 187 So.2d 48, 49 (Fla. 3d DCA 1966); see Meyer v. Roth, 189 So.2d 515 (Fla. 3d DCA 1966). This court cited Fradley and Meyer with approval in Dovenmuehle, Inc. v. Lawyers Title Ins. Corp., 478 So.2d 423, 424 (Fla. 4th DCA 1985).
The general rule is consistent with the policy behind the statute of limitations, which is to "prevent unreasonable delay in the enforcement of legal rights" and "to protect against the risk of injustice." Hawkins v. Barnes, 661 So.2d 1271, 1272 (Fla. 5th DCA 1995). The rule provides an "objective, reliable, predictable and relatively definitive" rule that has "long governed this aspect of commercial repose of disputes." Ely-Cruikshank Co., Inc. v. Bank of Montreal, 81 N.Y.2d 399, 599 N.Y.S.2d 501, 615 N.E.2d 985, 988 (1993). This is not one of those exceptional cases where the general rule does not apply. See 18 Williston, at § 2026A. The dissent's approach to the "accrual" concept in breach of contract cases seeks to introduce the delayed discovery doctrine into Florida contract law. The supreme court rejected an expansion of the delayed discovery doctrine in Davis v. Monahan, 832 So.2d 708 (Fla.2002).
The general rule is consistent with the wording of section 95.031(1) that ties "accrual" to the occurrence of the last element giving rise to a cause of action. Since at least nominal damages are sustained at the time of a breach of contract, all of the elements necessary to maintain a lawsuit and obtain relief in court are present at the time of the breach. See Abbott Lab., Inc. v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000); Ely-Cruikshank Co., 599 N.Y.S.2d 501, 615 N.E.2d at 986-87; T & N PLC v. Fred S. James & Co. of New York, Inc., 29 F.3d 57, 59-60 (2d Cir.1994) (applying New York law).
Courts in other jurisdictions recognize that the statute of limitations in a breach of contract action accrues at the time of the breach, even though the actual damage does not occur until later. See Howarth v. First Nat'l Bank of Anchorage, 540 P.2d 486, 490-91 (Alaska 1975) (stating that the statute of limitations usually "begins to run in contract causes of action" at "the time of the breach of the agreement, rather than the time that actual damages are sustained as a consequence of the breach"); First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d 331 (5th Cir.2000); Cavanaugh v. City of Omaha, 254 Neb. 897, 580 N.W.2d 541, 544 (1998) (holding that a "cause of action in contract accrues at the time of the breach or failure to do the thing that is the subject of the agreement," even though "the plaintiff may be ignorant of the existence of the cause of action"); State v. Holland Plastics Co., 111 Wis.2d 497, 331 N.W.2d 320, 325 (1983).
A case similar to this one is ABB Industrial Systems, Inc. v. Prime Technology, Inc., 120 F.3d 351 (2d Cir.1997), because it involves a breach of contract where a plaintiff incurred damages years after the breach as a result of action required by a governmental agency. In that case, ABB Industrial purchased real property on September 11, 1985; the vendor warranted that "the property was in compliance with all environmental laws." Id. at 354. After 1989, ABB learned that the property was contaminated by hazardous chemicals, in *579 violation of two federal environmental statutes. In 1992, ABB began the extensive cleanup of the site required by the environmental laws.
ABB filed suit against the vendor for breach of contract on September 18, 1991, six years and one week after it closed on the property. Id. at 360. The applicable statute of limitations was six years. Id. The second circuit rejected the argument that the statute of limitations began to run at some point after the contamination was discovered, when ABB incurred damages to clean up the property; the court held that the "contract was breached, if at all, on the day it was executed," so that the statute began to run on September 11, 1985. Id.
Other cases similarly hold that a breach of contract action accrues at the time of the breach, not when later events create the bulk of a plaintiff's damages.
For example, in Nardo v. Guido DeAscanis & Sons, Inc., 254 A.2d 254 (Del.Sup. Ct.1969), a building contractor breached a contract in 1957 by improperly placing roof rafters. The buyers noticed dampness problems in 1959, but did not realize that the condition arose from the placement of the rafters. After attempts to fix other dampness conditions, the buyers became aware of the rafters installation problem in 1965 or early 1966. Id. at 255. The buyers filed suit against the contractor on July 3, 1967, claiming breach of contract and negligence. The Delaware court held that the cause of action for breach of contract accrued at the time of the breach, "in 1957 when the roof rafters were improperly installed," so that the claim was barred by the statute of limitations. Id. at 256; see also Kennedy v. Johns-Manville Sales Corp., 135 Conn. 176, 62 A.2d 771 (1948) (holding that where contractor defectively installed wall insulation in 1935, but the injuries did not "become apparent until December, 1945," the cause of action for breach of contract accrued in 1935, so that the action was barred by the statute of limitations).
Similarly, Johnson v. Crisler, 156 Miss. 266, 125 So. 724 (1930), involved a breach of contract action against an "abstractor of titles to land" who "made a false certificate to such abstract of title" on February 2, 1925 that certain property was free of liens. Later, it appeared that the property was subject to a special tax assessment. The Supreme Court of Mississippi held that the cause of action accrued at the time of the breach, February 2, 1925, not the later time when the damages from the breach occurred, i.e., when an assessment was applied to the property. Id. at 724-25.
For these reasons, we affirm the judgment of the circuit court.
IMPERATO, CYNTHIA G., Associate Judge, concurs.
MAY, J., dissents with opinion.
MAY, J., dissenting.
I respectfully dissent. The majority has charted a new course from the original decision. I decline to follow.
The statute of limitations defense in this case caused three legal theories to be addressed: (1) the statute of limitations in breach of contract actions; (2) the accrual of a cause of action; and (3) the inapplicability of the delayed discovery doctrine.[1] *580 In the original opinion, we relied on well-established law on the accrual of a cause of action. In its motion for rehearing, the defendant suggests that this court's opinion conflicted with other cases. For the reasons expressed below, I disagree that our original opinion was in conflict with those cases and would adhere to our original decision to reverse.
The majority accurately sets out the relevant facts and those aspects of the law that support its decision. It chooses, however, to overlook the elephant in the roomthe case law's failure to reconcile the law on the accrual of a cause of action and the statute of limitations in breach of contract actions. The problem is that each case relied on by the defendant has independently addressed only one of the issues. None have attempted to reconcile the three theories or explain how they interrelate. I simply choose to call attention to the elephant.
I reject the majority's suggestion that by confronting the issue, I somehow introduce the delayed discovery doctrine into Florida contract law. I agree that the delayed discovery doctrine does not apply to breach of contract actions. See Davis v. Monahan, 832 So.2d 708 (Fla.2002). That is not what this case is about. It is not about Medical Jet's late discovery of its cause of action, rather this case is about the fact that damages did not arise, and Medical Jet's cause of action did not accrue, until a year after the breach occurred.
A close review of the cases relied upon by the majority and the defendant reveal why they do not dictate a reversal. In Dovenmuehle, Inc. v. Lawyers Title Insurance Corp., 478 So.2d 423 (Fla. 4th DCA 1985), this court found that a cause of action accrued when the damage occurred and the plaintiff knew or should have known of the breach. Because the damage occurred at the same time as the breach, the issue before us in this case was not raised in Dovenmuehle.
State Farm Mutual Automobile Insurance Co. v. Lee, 678 So.2d 818 (Fla.1996), addressed the accrual of a cause of action for breach of an insurance policy for PIP benefits. The supreme court relied upon specific statutory language to reach its conclusion. But, just as in Dovenmuehle, the damages had occurred at the time of the breach unlike the facts in this case.
It is Abbott Laboratories, Inc. v. General Electric Capital, 765 So.2d 737 (Fla. 5th DCA 2000), that appears at first blush to be most problematic. Whittled down to its essence, the defendant in Abbott raised a statute of limitations defense in a contract dispute involving a third party. The plaintiff argued that it was not damaged until after the breach by the third party. Relying on this court's opinion in Muroff v. Dill, 386 So.2d 1281 (Fla. 4th DCA 1980), the Fifth District held that the plaintiff's injury occurred simultaneously with the defendant's breach because nominal damages were sustained at that time.
Muroff, however, had nothing to do with the statute of limitations in breach of contract actions. The Muroff court addressed a plaintiff's failure to prove the correct measure of damages in a breach of contract action. There, we stated that "`[n]ominal damages may be awarded when the breach of an agreement or invasion of a right is established since the law infers some damage to the injured party. . . .'" Id. at 1284 (quoting Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954, 956 (Fla. 3d DCA 1979)). Thus, the fiction of imputing nominal damages was created to substitute for a lack of proof of damages, *581 not to somehow prematurely activate the statute of limitations.
The defendant's reliance on language found in Fradley v. County of Dade, 187 So.2d 48 (Fla. 3d DCA 1966) ("the cause of action accrues from the time of the breach or neglect, not from the time when consequential damages result or become ascertained"), while supportive, is dicta. The actual holding in Fradley was that the plaintiff's failure to comply with the notice of claim statute in a medical malpractice action barred the claim.
The common theme running through these cases is that when the breach is evident, nominal damages will be presumed, and the cause of action will accrue at the time of the breach. However, not one of these cases has tackled how this fiction of presumed damages exists simultaneously when the breach is not evident. More importantly, they fail to address the statutory requirement that "[a] cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2005).
The majority acknowledges that the cause of action accrues when the last element constituting the cause of action occurs, but must assume that the breach itself is always the last element triggering the statute of limitations. While acknowledging that language found in treatises and cases support this view, I wonder whether the treatises and cases have ever really addressed the issue or rather have simply fallen back on repeating language found in prior decisions where the issue has never been squarely met.
Section 95.11(2)(b), Florida Statutes (2003) provides that "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument" must be commenced within five years. "[A] cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until the action may be brought." Lee, 678 So.2d at 821 (citing Loewer v. N.Y. Life Ins. Co., 773 F.Supp. 1518, 1521 (M.D.Fla.1991)). The elements for bringing a cause of action for breach of contract are: (1) a valid contract; (2) material breach; and (3) damages. J.J. Gumberg Co. v. Janis Servs., Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003).
The real issue in this case is when did plaintiff's cause of action accrue? In this case, the last element giving rise to the cause of action was the damages that arose from the grounding of the plane. Had the airplane never been grounded, the plaintiff would not have sustained damage. Thus, the actual breach, the defendant's failure to have certification at the time it inspected and repaired the aircraft, could not be the accrual date for the cause of action.
I would therefore reverse and remand the case to the trial court for reinstatement of the plaintiff's second amended complaint.
NOTES
[1] The plaintiff's main argument on appeal was that the trial court erred in granting the defendant's motion for judgment on the pleadings, having previously denied a motion to dismiss on the same basis. In its answer brief, the defendant argued the validity of the trial court's decisionthe claim was time barred because the breach occurred and the statute of limitations began to run upon the delivery date of the airplane.