995 So.2d 576 (2008)
BDI CONSTRUCTION COMPANY, Appellant,
v.
HARTFORD FIRE INSURANCE COMPANY, et al., Appellees.
No. 3D07-1589.
District Court of Appeal of Florida, Third District.
October 15, 2008.
Rehearing and Rehearing En Banc Denied December 19, 2008.
*577 Valdini & Palmer and V. Julia Luyster, for appellant.
Walter E. Stevens, for appellees.
Before RAMIREZ, WELLS, and LAGOA, JJ.
RAMIREZ, J.
This is an appeal from a summary judgment granted in favor of the surety on a performance bond on the basis that the statute of limitation had expired when the appellant, BDI Construction Company, filed its third-party complaint against the surety. Because the trial court was correct in finding that the cause of action accrued when the subcontractor completed its work and was paid in full for that work, we affirm.
On August 13, 1998, the School Board of Miami-Dade County entered into a contract with SBR Joint Venture for the construction of a public school, the Felix Varela Senior High School. SBR Joint Venture entered into a subcontract with BDI Construction, which in turn entered into a subsubcontract on July 28, 1998, with E & F Contractors, Inc. for the stucco and drywall work. Hartford Fire Insurance Company, as surety for E & F, furnished a performance bond for the work. BDI is the obligee on the bond, and E & F is the principal.
On March 30, 2006, BDI filed a third-party complaint against E & F and Hartford. Hartford filed a motion for summary judgment claiming that the five-year statute of limitations began to run on September 15, 2000, when the surety bond stated that final payment was due. Hartford relied on the affidavit of Efrain Fonseca that stated that E & F last performed work under the construction contract in August 2000, and its work was 100% complete, and it requested its retainage on September 15, 2000. Furthermore, BDI accepted the work as being completed according to the terms and conditions set out in the construction contract and was paid 100% of its retainage on February 15, 2001. It also relied upon the affidavit of Ken Cranston which indicated that Hartford was never notified of a default by E & F before March 30, 2006 and that final payment was considered fulfillment of E & F's contractual obligations.
BDI opposed the summary judgment on the grounds that the statute of limitations did not accrue upon final payment or when final payment was due, but accrued when the entire project was completed and accepted by the owner. BDI argued that the date the entire project was accepted by the owner was March 2, 2005 when, according to public records, Rose Diamond, the School Board Chief Facilities Director, closed the file. In addition, according to the owner, the project was never completed, as it was not constructed in accordance with the contract documents. BDI submitted an affidavit executed by Teobaldo Rosell, III, its vice president, stating that BDI made its final payment to E & F on February 15, 2001, only because of the "insistent and repeated demands from E & F." BDI claimed that it did not accept the work performed by E & F, although there was nothing to document this allegation.
The trial court granted summary judgment on the grounds that the contract at issue was not the contract for the completion of the entire project, but the sub-contract for the completion of E & F's component of the project; thus, the statute of limitations had expired, citing to 2765 *578 South Bayshore Drive Corp. v. Fred Howland, Inc., 212 So.2d 911, 914 (Fla. 3d DCA 1968) (stating that a complaint for breach of contract filed five years and two months subsequent to the completion of construction was asserted approximately two full months subsequent to expiration of the time allotted for the bringing of such actions).
On appeal, the parties agree that the applicable statute of limitations is the five-year period provided in section 95.11(2)(b), Florida Statutes (1999). Their dispute centers on when the statute of limitations commenced to run. BDI argues that the statute did not commence to run until the owner accepted the project as having been completed. Ostensibly, as the owner has yet to accept the project, the statute has yet to commence running. BDI relies on Federal Insurance Co. v. Southwest Florida Retirement Center, Inc., 707 So.2d 1119, 1121 (Fla.1998), where the Florida Supreme Court held that the statute "as it applies to an action on a performance bond, accrues on the date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract." The issue in that case, however, was whether the running of the statute would be delayed for failure to discover latent defects. It involved a dispute between the owner and the surety for the contractor on the construction of a retirement center that was completed in 1984. When the owner filed suit in 1994 against Federal Insurance on a performance bond, the Florida Supreme Court rejected the argument that the limitations period was tolled until the latent defect was discovered.
The general rule is that in a suit for breach of contract, the action accrues when the last element giving rise to the cause of action takes place. See § 95.031(1) Fla. Stat. (1999). In such actions, it is well-established that a statute of limitations runs from the time of the breach. See Med. Jet, S.A. v. Signature Flight Support-Palm Beach, Inc., 941 So.2d 576, 578 (Fla. 4th DCA 2006); Fradley v. Dade County, 187 So.2d 48, 49 (Fla. 3d DCA 1966). The general rule is consistent with the policy behind the statute of limitations, which is to "prevent unreasonable delay in the enforcement of legal rights" and "to protect against the risk of injustice." Hawkins v. Barnes, 661 So.2d 1271, 1272 (Fla. 5th DCA 1995). Federal Insurance did not deal with a dispute between the contractor and a subcontractor, nor a situation where the owner refused to accept the project as completed. Federal Ins. Co., 707 So.2d at 1119. If BDI thought E & F's work was defective, there was nothing to prevent it from filing suit after February 15, 2001, when it made its final payment to E & F. In fact, this final payment was made without reservation. The breach, if any, had to occur prior to that date.
We hold that in the context of a subcontract, where a contractor accepted the work of the subcontractor and paid in full for that work, the action accrued when the subcontractor finished its work. We thus interpret the language in Federal Insurance to the extent that the cause of action "accrues on the date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract" to mean that the "project" is the sub-contracted work, and the "construction contract" in this context is the sub-contract. Id. at 1121. Thus, when BDI accepted E & F's work as having been completed without reservations and paid for the work in full, the statute of limitations had commenced to run. Under that interpretation, the action on the bond became time-barred on February 15, 2006. Consequently, because the *579 third-party complaint was filed on August 11, 2006, the trial court correctly granted summary judgment.
Affirmed.