**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

Lyle W. Cayce
Clerk

No. 11-20781

CORINA T. ALLEN,

Plaintiff-Appellant
Cross-Appellee,

v.

RADIO ONE OF TEXAS II, L.L.C.,

Defendant-Appellee
Cross-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 4:09-CV-4088

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is the district court's denying judgment as a matter of law (JML) for the following jury finding: after it terminated plaintiff, defendant retaliated unlawfully against her by refusing to start doing business with her 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20781

months after that termination; the refusal occurred a year after she engaged in protected conduct by filing a post-termination, sex-discrimination charge against defendant.  Corina Allen sued Radio One of Texas II, L.L.C., for sex discrimination and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act (TCHRA), TEXAS LAB. CODE §§ 21.001–21.556.  (Because TCHRA is intended to correlate with Title VII, the same analysis is applied for each claim. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005).)

Allen challenges the summary judgment for Radio One on the discrimination claim.  Seeking JML, Radio One contests the verdict in favor of Allen on the retaliation claim and resulting awarded damages, including punitive damages.  Radio One also contests the district court's denying attorney's fees for its breach-of-contract claim, for which it was awarded summary judgment.

Regarding Allen's sex-discrimination claim, the adverse summary judgment contained in the opinion and order entered 20 April 2011, *Allen v. Radio One of Tex. II, L.L.C.*, 2011 WL 1527972, is AFFIRMED; and, except for the denial of attorney's fees for Radio One's breach-of-contract summary judgment, the judgment in favor of Allen, entered 9 June 2011, *Allen v. Radio One of Tex. II, L.L.C.*, 2011 WL 2313210, is VACATED, with the remaining judgment RENDERED for Radio One.

I.

Radio One employed Allen as general sales manager of KBXX, its Houston, Texas, radio station, from September 2002 until December 2007.  In 2007, Vice President and General Manager Douglas Abernethy (Allen's supervisor) received numerous complaints concerning Allen's attitude toward, and treatment of, her subordinates and co-workers.  Disciplinary action was taken after the first

2

complaint; thereafter, Employee Relations Manager Gloria Celestin conducted an investigation of the complaints, interviewing several of Allen's subordinates. They responded: Allen was "mean spirited", vengeful, a bully, vicious, and intimidating. One stated Allen was "the most horrible sales manager [she] had worked for in over 25 years". Allen was soon fired. At no point during her employment with Radio One did Allen dispute the accuracy of any complaints, nor contend she was the subject of sex discrimination.

After her termination, Allen twice threatened Radio One with litigation. Within three weeks of her termination, a letter from Allen, and another from her attorney, demanded $112,500 in severance and transition pay, and stated they "hope[d]" to settle the claims "without resorting to costly and time-consuming arbitration or other legal proceedings". These threats dealt only with claimed breach of contract; neither letter complained of sex discrimination. Nevertheless, in June 2008, nearly seven months after Allen's termination from Radio One, she filed a charge with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission, claiming sex discrimination.

Also in June 2008, around the time Allen filed her claims, she was hired as a sales manager for CBS Radio—a direct competitor of Radio One. She was terminated in May 2009.

Shortly thereafter (June 2009), Allen began her own company to sell radio advertising time to businesses. In seeking to do business with Radio One, she recorded a telephone conversation with Abernethy, who stated (supposedly at the direction of in-house counsel Sundria Ridgley): Radio One would not do business with her "due to this pending litigation that you have". This conversation occurred nearly 18 months after Allen's termination from Radio One, and approximately one year after filing her EEOC charge.

The "pending litigation" referred to in the recorded conversation was her charge with the EEOC, as well as her attorney-backed, unresolved breach-of-

No. 11-20781

contract threats. It was not until late August 2009 that Allen received a right-to-sue letter from the EEOC, issued in the light of its inability to determine Allen was the subject of Title VII discrimination. She then filed this action in state court—later removed to federal court—claiming both sex discrimination and retaliation.

During discovery, Allen produced confidential Radio One documents she had retained after termination, in violation of her employment agreement. As a result, Radio One counterclaimed for breach of contract. Although summary judgment was awarded Radio One for its breach-of-contract claim and against Allen's sex-discrimination claim, it was denied against her retaliation claim.

At trial in May 2011, a jury found in favor of Allen on her retaliation claim and awarded: $6,617.45 for loss of income; $10,000 for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life; and $750,000 in punitive damages. During trial, Radio One was denied JML.

In June 2011, the district court held a hearing on post-trial issues and: reduced punitive damages to $290,000, to bring the compensatory and punitive damages under the $300,000 statutory cap; awarded Allen the resulting $306,617.45, as well as $333,652.59 in attorney's fees; and enjoined Radio One from refusing to accept business from Allen or her company. The court further determined Radio One: was made whole on its breach-of-contract claim and not entitled to equitable relief; and should be denied attorney's fees on that claim, ruling the fees' request waived.

After final judgment, Radio One filed a renewed motion for JML, as well as motions for a new trial and remittitur; Allen moved for a trial on the sex-discrimination claims. All post-judgment motions were denied.

No. 11-20781

II.

Allen challenges the summary judgment against her sex-discrimination claim. Radio One contests, *inter alia*, the denials: of attorney's fees for its breach-of-contract claim; and of JML against Allen's retaliation claim, including Allen's awards for loss of income, and emotional and punitive damages. (Because we grant JML, these awards are vacated as a result and, therefore, need not be discussed. The same is true for Radio One's related evidentiary issues and new-trial motion.)

A.

Allen claims Radio One discriminated because of her sex through both termination and failure to promote. Summary judgment was granted against each theory. Essentially for the reasons stated in the district court's extremely comprehensive and detailed order, entered 20 April 2011, 2011 WL 1527972, and as discussed below, summary judgment was proper.

Summary judgment is reviewed *de novo*, applying the same standard as the district court. *E.g.*, *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (internal citation omitted). Summary judgment shall be granted if movant shows there is no genuine dispute of material fact and movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). If the record, viewed in the light most favorable to non-movant, could not lead a rational trier of fact to decide in non-movant's favor, summary judgment is appropriate. *Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993).

Discrimination under Title VII occurs if an employer, *inter alia*, terminates or fails to promote an employee based on a protected characteristic. 42 U.S.C. § 2000e-2(a)(1). Because Allen fails to present direct evidence for her discrimination claim, the well-known *McDonnell Douglas* burden-shifting framework is employed. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

5

No. 11-20781

Plaintiff must first establish a *prima facie* case of discrimination; the burden then shifts to defendant-employer to "articulate a legitimate, non-discriminatory reason" for the adverse employment action; if met, the inference of discrimination is removed, and the burden returns to plaintiff to establish either:  the proffered reason is merely pretext for discrimination; or, the reason, while true, is but one reason for the adverse employment action, and another motivating factor is plaintiff's protected characteristic. *Vaughn*, 665 F.3d at 636 (internal citation omitted).

Pretext can be established either "through evidence of disparate treatment", or by showing  the "proffered explanation is false or unworthy of credence". *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal quotation marks and citation omitted).  Disparate treatment requires proof that employer treated similarly situated employees differently for "nearly identical conduct". *Vaughn*, 665 F.3d at 637.  Alternatively, a nondiscriminatory explanation is "unworthy of credence if it is not the real reason for the adverse employment action". *Laxton*, 333 F.3d at 578.

Under the mixed-motive or motivating-factor theory described above, plaintiff's making a sufficient showing shifts the burden "to the employer to show that the adverse employment decision would have been made regardless of the characteristic". *Black v. Pan Am. Lab., L.L.C.*, 646 F.3d 254, 259 (5th Cir. 2011).

1.

For Allen's wrongful-termination theory, instead of contesting Allen's *prima facie* case, Radio One offered evidence of Allen's poor treatment of her colleagues as a nondiscriminatory reason for termination.  In response, Allen claims this reason is pretextual; she also claims her termination was motivated by her protected characteristic.

No. 11-20781

a.

Regarding pretext, Allen relies upon both disparate treatment and the justification for her termination's being unworthy of credence.

i.

For disparate treatment, "the misconduct for which the plaintiff was discharged [must be] nearly identical to that engaged in by other employees". *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001) (quotations omitted). Along that line, Allen contends a male employee was treated more favorably after complaints were filed pertaining to his behavior.

Although Allen and the male employee were both reprimanded for their treatment of colleagues, their similarities end there. The male employee was the target of a single, anonymous complaint received over the company's email tip line, whereas numerous complaints were recorded about Allen. Human Resources' investigation of the male employee revealed mostly positive reports, as distinguished from the numerous negative interviews concerning Allen. In addition, although Allen never denied the substantive claims filed against her, the male employee denied the complaints concerning him.

ii.

Alternatively, Allen attempts to establish pretext by showing Radio One's justification for termination was false or unworthy of credence. *See Laxton*, 333 F.3d at 578. "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Allen fails to create the requisite genuine dispute of material fact concerning Radio One's reason for her termination.

No. 11-20781

b.

For her mixed-motive or motivating-factor theory, Allen points to Abernethy's general behavior to demonstrate her termination was motivated by sex-based animus. Allen's assertions, however, that Abernethy referred to one woman as a "diva" and another as "difficult," and that he previously fired two women, fall far short of creating the requisite genuine dispute of material fact. Allen offers no evidence of animus toward her. Moreover, at no point during her employment with Radio One did Allen contend she was the subject of sex discrimination; neither of the above-described two post-termination demand letters to Radio One claimed sex discrimination; and she waited approximately seven months after termination before filing her EEOC charge.

2.

For her failure-to-promote theory, Allen maintains Abernethy discriminated by refusing to promote her to director of sales to oversee sales at various Radio One stations in the area. Again, Radio One did not challenge Allen's *prima facie* case, presenting instead two legitimate non-discriminatory reasons: the position did not exist at the time Allen was employed by Radio One; and Bob MacKay, who eventually filled the position, was objectively more qualified than Allen. As with Allen's wrongful-termination theory, she bears the burden to show either: Radio One's reasons were pretextual; or her sex was a motivating factor. *Laxton*, 333 F.3d at 578.

Allen claims Radio One's first justification is false and, thus, pretext. She offers inconclusive evidence, asserting the position opened the day after she was terminated, and Abernethy had the authority to create the position before then. For Radio One's second justification, Allen is unable to offer evidence creating a genuine dispute of material fact on whether MacKay was not more qualified. *See Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 356–57 (5th Cir. 2001).

No. 11-20781

B.

Radio One contends the district court erred in denying JML against Allen's retaliation claim.  Although Allen contends otherwise, the basis on which JML is requested was preserved in district court.  (Radio One also challenges the court's denying summary judgment against retaliation.  Because this claim was decided in a jury trial on the merits, we cannot review the summary-judgment decision.  *E.g.*, *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 474 n.3 (5th Cir. 2012) ("[O]rders denying summary judgment are not reviewable on appeal where final judgment adverse to the movant is rendered on the basis of a subsequent full trial on the merits".) (citing *Johnson v. Sawyer*, 120 F.3d 1307, 1316 (5th Cir. 1997))).

Denial of JML is reviewed *de novo*.  *E.g.*, *Nassar v. Univ. of Tex. Sw. Med. Ctr.*, 674 F.3d 448, 452 (5th Cir. 2012), *cert. granted*, 133 S. Ct. 978 (2013).  All reasonable inferences and credibility determinations are viewed in the light most favorable to Allen, and JML is appropriate "only if the evidence points so strongly and so overwhelmingly in favor of [Radio One] that *no reasonable juror* could return a contrary verdict".  *Id.* at 452-53 (emphasis added) (internal quotation marks and citation omitted).

In preserving the right to trial by jury in a civil action, the Seventh Amendment states, *inter alia*:  "[N]o fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law".  U.S. Const. amend. VII.  Although common law advocated this deference to juries, "[a] jury verdict cannot stand without an evidentiary basis, and thus a judgment on a verdict entered in the absence of sufficient evidence[] . . . poses an error of law reversible under common law without a constitutional dilemma".  1 STEVEN ALAN CHILDRESS & MARTHA S. DAVIS, FED. STANDARDS OF REVIEW § 3.01 (4th ed. 2010); *see* FED. R. CIV. P. 50; *see, e.g.*, *Weisgram v. Marley*

9

No. 11-20781

*Co.*, 528 U.S. 440, 449-57 (2000); *see generally Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 656-61 (1935).

In that vein, JML, pursuant to Federal Rule of Civil Procedure 50, provides a protective buffer against an objective, unreasonable jury. "If [,during trial,] the court does not grant a motion for [JML] made under Rule 50(a), . . . the movant may file a renewed motion" post-verdict, FED. R. CIV. P. 50(b), on which the court is to "disregard any jury determination for which there is no legally sufficient evidentiary basis enabling a reasonable jury to make it", FED. R. CIV. P. 50(b) advisory committee notes, 1991 amend. The court applies the same standard provided under Rule 50(a) to evaluate a Rule 50(b) motion: JML should be granted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party". FED. R. CIV. P. 50(a). "While a verdict may be sustained by 'reasonable inferences' from the evidence as a whole, plainly unreasonable inferences or those which amount to mere speculation or conjecture do not suffice." *McConney v. City of Houston*, 863 F.2d 1180, 1186 (5th Cir. 1989) (citations omitted).

"As a general matter, of course, the courts of appeals are vested with plenary appellate authority over final decisions of district courts. *See* 28 U.S.C. § 1291. The obligation of responsible appellate jurisdiction implies the requisite authority to review independently a lower court's determinations." *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991) (applying *de novo* review to district court's determination of state law). Such independent review, therefore, "in entertaining a motion for a judgment as a matter of law", requires the court to review "all of the evidence in the record". *Reeves*, 530 U.S. at 150. Applying these principles, the jury's verdict cannot stand.

Title VII prohibits retaliation: an employer may not "discriminate against any of his employees . . . because [the employee] has opposed any practice made

10

No. 11-20781

an unlawful employment practice by this subchapter, or because [s]he has made a charge . . . in an investigation, proceeding, or hearing under this subchapter". 42 U.S.C. § 2000e-3(a). A *prima facie* claim of retaliation requires Allen to prove: "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action". *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). Whether Radio One's not doing business with Allen constitutes actionable retaliation is analyzed in the light of *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53 (2006). The *Burlington* Court identified the broad scope of what constitutes an adverse employment action in a legitimate retaliation claim: "[T]he antiretaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace". *Id.* at 57. The Court properly constricted this scope, however, through an objective-reasonableness standard: "[T]he [antiretaliation] provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee . . . . [T]he employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination". *Id.* Radio One's actions fall far short of rising to this level.

As *Burlington* emphasized, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters". *Id.* at 69. This principle's application to Allen's claim speaks volumes. Simply stated, a reasonable employee would *not* be dissuaded from filing an EEOC charge because of the possibility that her former employer might refuse to do business with her separate company: more than a year after her EEOC filing; 18 months after her termination for cause and twice threatening her former employer with contract litigation; and after working for a direct competitor.

11

No. 11-20781

The Supreme Court has long allowed claims for retaliation by former employees against former employers for post-employment adverse employment actions. *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997). But here, the remoteness in time between the protected act (EEOC charge) and the employer action (refusing to do business), in conjunction with the unusual circumstances, confirms its novelty in comparison. *E.g.*, *id.* at 339 (holding former employee could sue former employer for post-employment actions allegedly in retaliation for filing EEOC charge, where filing and employer's action occurred shortly after termination). Allen was fired 18 months before the claimed retaliatory action, and filed her EEOC charge nearly a year before such action. An employer's decision not to do business with a former employee under these attenuated circumstances does not violate Title VII's antiretaliation provision; the contrary conclusion would constitute an impermissible extension of Title VII's protections.

All of this underscores the importance of causation. As our court has stated, "[t]he ultimate determination in an unlawful retaliation case is whether the conduct protected by Title VII was a 'but for' cause of the adverse employment decision". *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996); *see also Smith v. Xerox Corp.*, 602 F.3d 320, 338 (5th Cir. 2010) (Title VII retaliation claimants are "require[d] . . . to demonstrate but-for causation" to prevail). Taking a lesson from tort law, proof of causation "excludes only those links that are too remote, purely contingent, or indirect". *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (2011) (internal quotations, citation, and alteration omitted). This situation presents such an impermissible link. Allen's termination 18 months prior to the telephone conversation, and her filing an EEOC charge nearly a year before that conversation, present too attenuated a time frame for legal causation. "Injuries have countless causes, and not all

12

No. 11-20781

should give rise to legal liability". *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2637 (2011).  Any injury Allen claims to have suffered falls within that category.

In other words, there will be "obvious" situations that meet *Burlington*, and others that "will almost never do so".  *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 868 (2011).  This situation does not satisfy the test for liability enunciated by *Burlington*.

## C.

Radio One challenges being denied attorney's fees for its successful breach-of-contract claim.  After granting Radio One summary judgment on that claim, the district court ruled "[t]he nature and extent of the equitable relief and any other remedies will be determined after trial".  Thereafter, Allen and Radio One filed their joint pretrial order, which did not include Radio One's attorney's-fees request.  Post-trial, the court ruled Radio One waived the right to recover those fees "by omitting such a claim from its portion of the Joint Pretrial Order".

Rulings concerning pre-trial orders are reviewed for abuse of discretion. *Flannery v. Carroll*, 676 F.2d 126, 130 (5th Cir. 1982).  "Because of the importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders.  District courts are encouraged to construe pre-trial orders narrowly without fear of reversal."  *Id.* at 129 (citations omitted).  "Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e) [governing final pretrial conference and orders], and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint."  *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998).

No. 11-20781

Without citing precedent, Radio One contends the pretrial order does not govern because the district court had earlier ruled "equitable relief *and other remedies* will be determined after trial". (Emphasis added.) Because we decline to interfere with the district court's interpretation of the pretrial order, and there is no dispute that Radio One failed to raise the fees issue in it, the court did not abuse its discretion.

III.

For the foregoing reasons, the summary judgment against Allen's sex-discrimination claim, contained in the opinion and order entered 20 April 2011, is AFFIRMED; and, except for the denial of attorney's fees for Radio One's breach-of-contract summary judgment, the judgment entered 9 June 2011 is VACATED, with the remaining judgment RENDERED for Radio One.