# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 23-10687
Summary Calendar

––––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2024

Lyle W. Cayce
Clerk

Marcus L. Willis,

*Plaintiff—Appellant*,

*versus*

Western Power Sports, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1251

_____

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Marcus Willis appeals the dismissal of his complaint against Western Power Sports, Inc. ("Western Power") alleging claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and various Texas laws. Because Willis failed to state a valid claim, we AFFIRM.

––––––––––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10687

I.

Willis, an African American male, was employed by Diversified Sourcing Solutions ("DSS"), a temporary staffing agency.[1]  In June 2020, DSS assigned Willis to Defendant Western Power's warehouse to work in the receiving department.[2]  Western Power fired Willis from its receiving department but then rehired Willis under a different supervisor.[3]  Ultimately, in September 2020, Western Power terminated Willis's employment.

Willis then filed this suit, pro se, against Western Power alleging various claims of race discrimination, retaliation, hostile work environment, defamation, wrongful termination, and whistleblowing.  Willis contends that his supervisor raised his voice, ridiculed him and another African American employee, and "was discriminatory towards blacks and favored Spanish employees."  Willis further argues that he became depressed when he was unable to find new employment after being released from Western Power.

Western Power responded with a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6).  The matter was referred to the

---

[1] The following facts are taken from Willis's complaint and all well-pleaded allegations are accepted as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s].")  Because Willis is a pro se litigant, his complaint is held to "less stringent standards than formal pleadings drafted by lawyers."  *Colman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted)).

[2] In the proceedings below, Western Power argued that Willis failed plausibly to allege that Western Power was his employer.  The district court rejected this argument, finding that Western Power exercised a level of control over Willis that allowed the court to infer an employment relationship sufficient to survive a motion to dismiss.  Western Power does not challenge this finding on appeal.  We will therefore refer to Western Power as Willis's employer throughout this opinion.

[3] It appears that Willis was first fired on August 19, 2020, and then was rehired days later, on August 24, to work for a different supervisor.

magistrate judge. He subsequently issued a Findings, Conclusions, and Recommendation ("FCR"). The FCR recommended granting Western Power's motion to dismiss. Willis then filed written objections to the FCR. After considering the FCR and Willis's objections, the district court adopted the FCR and dismissed Willis's complaint. Willis appeals this dismissal.

## II.

We review a district court's grant of a motion to dismiss based on failure to state a claim under Rule 12(b)(6) de novo. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need "detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief that "rise above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

Our review of the record convinces us that Willis failed to allege a cause of action against Western Power. As noted earlier, Willis alleged both federal and state law claims. His federal claims include racial discrimination, hostile work environment, and retaliation. His state law claims include defamation, wrongful termination, and termination after being a whistleblower. Considering each of his claims, Willis cannot prevail.

Willis first argues that he was discharged on the basis of his race. Willis asserts parallel claims under Title VII, 42. U.S.C. § 2000(e)-2(a)(1) and the Texas Labor Code, TEX. LAB. CODE § 21.051. Because these two statutes have similar language, we often analyze the parallel claims together under the Title VII framework. *See, e.g.*, *Hamilton v. Dallas County*, 79 F.4th 494, 502–05 (5th Cir. 2023). To meet his burden here, Willis must allege: (1) that he is a member of a protected group; (2) he was qualified for the position at issue; (3) he was discharged by the employer; and (4) he was

replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted). Willis falls short of meeting this burden because he fails to show racial animus affected his status. His complaint, for example, provides no facts to show that a non-African American employee as a comparator, someone who "under nearly identical circumstances" was treated more favorably than he was treated. *Lee v. Kan. City So. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)) (internal quotations omitted). In short, Willis has not stated a claim for discharge based on race discrimination.

Willis next alleges a claim for hostile work environment. To establish a claim of hostile work environment, he must show that he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citation omitted).

The hostility Willis suffered must be sufficiently severe or pervasive so as effectively to alter the conditions of Willis's employment. *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 400 (5th Cir. 2021). Willis's non-conclusory allegations—that his supervisor raised his voice and that his supervisor ridiculed him and another African American employee for being unable to push a pallet jack—either alone or in combination are not sufficiently severe or pervasive to alter the conditions of Willis's employment. Moreover, Willis has not provided any argument on appeal that our precedent supports his claims. Accordingly, Willis has failed to meet his burden to sustain a claim for hostile work environment.

Willis next contends that Western Power retaliated against him for "whistleblowing", that is, complaining to HR about the so-called discrimination he witnessed. Willis asserts parallel claims for retaliation under Title VII and Texas state law. We analyze Title VII retaliation claims and parallel claims for "whistleblowing" under the Texas Labor Code identically. *See Allen v. Radio One of Tex. II, L.L.C.*, 515 F. App'x 295, 297 (5th Cir.) (per curiam) (unpublished), *cert. denied*, 571 U.S. 880 (2013) (citing *Ysleta Indep. Sch. Dist. V. Monarrez*, 177 S.W. 915, 917 (Tex. 2005)). To establish a prima facie case of Title VII retaliation, Willis must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). Willis alleges that, on August 20, 2020, he "explained" to Western Power's corporate office that his supervisor "was discriminatory towards blacks and favored Spanish employees." But Willis fails to show that he suffered an adverse employment action. Willis's complaint alleges that he complained of the discrimination on August 20 (one day after he was first fired) and was almost immediately rehired. Consequently, Willis cannot sustain his burden on a retaliation claim. In sum, we affirm the dismissal of all of Willis's federal claims and parallel state law claims.

With respect to his remaining state law claim, Willis alleges that he was defamed. To maintain a valid claim of defamation under Texas law, a plaintiff must demonstrate that the defendant: (1) published a statement; (2) containing assertions of fact that are defamatory, injuring the plaintiff's reputation; (3) while acting with either actual malice, if the plaintiff is considered a public official or public figure, or negligence, if the plaintiff is a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (citation omitted). Willis fails

No. 23-10687

on the first requirement: he has not alleged a published statement.  Dismissal of this claim was therefore proper.

## III.

The dismissal of Willis's complaint—essentially for the reasons the magistrate judge explained in its Findings, Conclusions, and Recommendation issued May 17, 2023—is in all respects

AFFIRMED.